**ROBERTS et al. v. ALLEN et al.**

No. 12010.

Court of Civil Appeals of Texas. San Antonio.

Nov. 16, 1949.

Rehearing Denied Dec. 14, 1949.

Morriss, Morriss & Boatwright, San Antonio, Butler & North, Robstown, for appellants.

Eskridge & Groce, San Antonio, for appellees.

NORVELL, Justice.

This is a plea of privilege case involving exception 4 of Article 1995, Vernon's Ann. Civ.Stats. The leading case construing this exception is Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300. The defendants below were Robert R. McKenzie and H. W. Lewis, residents of Bexar County, Texas, where the suit was filed, George L. Lowman and H. W. Lowman, residents of Nueces County, Texas, and Roy E. Roberts, a resident of Val Verde County, Texas. The non-resident defendants have appealed from the order overruling their pleas of privilege.

Upon the trial it was established by evidence that Robert R. McKenzie was a resident of Bexar County, Texas. A cause of action against McKenzie was also proven by evidence. This cause of action was one for recovery upon promissory notes executed by McKenzie and payable to Reconstruction Finance Corporation, and for foreclosure of chattel mortgages upon certain tractors, dozers and equipment, which had been given to secure the payment of the notes. It was shown that Charles H. Allen and Joseph K. Elder, plaintiffs below, were the holders of the notes and mortgages sued upon.

The controlling question upon this appeal is whether or not the causes of action pleaded against the non-resident defendants were properly joined with the cause of action proved against the resident defendant McKenzie, under the rule intended to prevent a multiplicity of suits.

In the petition it was alleged that McKenzie had sold all of the property covered by the chattel mortgages, and that Roy E. Roberts, George L. Lowman and H. W. Lowman, and H. W. Lewis had received certain items of said property and equipment from McKenzie. It was charged that Roberts, with constructive notice of the chattel mortgage lien, took and converted to his own use a tractor worth $6,000.00, and it was likewise alleged that George L. Lowman and H. W. Lowman, with constructive notice of plaintiffs' liens, had converted certain equipment to their own use, to plaintiffs' damage in the sum of $1,932.61. H. W. Lewis, a Bexar County resident, was also charged with conversion, but no evidence tending to prove the charge was introduced upon the hearing.

The purpose of plaintiffs' suit against all of the defendants other than McKenzie was to enforce chattel mortgage liens against property which they had allegedly acquired from McKenzie, or to hold them accountable for having taken said property with constructive notice of said liens.

We hold that Roy E. Roberts, George L. Lowman and H. W. Lowman were properly joined, along with H. W. Lewis, as parties to the suit against McKenzie, based upon the notes and chattel mortgages. The joinder comes within the rule intended to prevent a multiplicity of suits.

In fact, it is difficult to see how all the equities and issues involved in the suit as made by the petition could be resolved and settled without the presence of those who allegedly received the property from McKenzie.

Our view above expressed is strengthened by the fact that the case of Cobb v. Barber, 92 Tex. 309, 47 S.W. 963, is cited with approval in Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300.

The order appealed from is affirmed.