**BEATTY v. HOEFS et al.**

No. 9877.

Court of Civil Appeals of Texas. Austin.

April 12, 1950.

Rehearing Denied April 26, 1950.

William A. Brown, of Austin, for appellant.

Goldsmith & Bagby, by J. Sam Winters, of Austin, for appellees.

GRAY, Justice.

This appeal is from a judgment sustaining appellee's plea of privilege.

Appellant sued Dave Terry, a resident of Travis County, and appellee, a resident of Reeves County, in the County Court at law of Travis County, to recover for damage to his building located in the City of Austin. The petition alleged Dave Terry was the driver of a truck; that he was guilty of named acts of negligence which caused the truck to collide with the building and caused damage thereto; that Dave Terry was the employee of appellee, and, at the time of the collision was acting within the scope of his employment. The prayer was for a joint and several judgment for the damages alleged.

Dave Terry did not answer. Appellee filed his plea of privilege which was controverted. The trial was to the court and the plea of privilege sustained.

At the request of appellant, the trial court filed findings of fact and conclusions of law as follows:

"Findings of Fact.

"1. This is a suit for damages to real property.

"2. The real property is located in Travis County, Texas.

"3. Defendant Dave Terry was shown, prima facie, to have committed the trespass complained of.

"4. Defendant Dave Terry is a resident of Travis County, Texas.

"5. Defendant Charles Hoefs is a resident of Reeves County, Texas.

"6. Plaintiff did not make a prima facie showing that defendant Dave Terry was the servant or employee of defendant Charles Hoefs as alleged in plaintiff's original petition.

"7. Plaintiff did not make a prima facie showing that defendant Charles Hoefs caused the truck to be dispatched to Austin, as alleged in plaintiff's original petition.

"Conclusions of Law.

"1. Plaintiff having failed to make a prima facie showing that defendant Dave Terry was the servant or employee of defendant Charles Hoefs at the time of the trespass, the plea of privilege of defendant Charles Hoefs to be sued in Reeves County, the county of his residence, should be sustained."

Appellant says venue of this cause is properly in Travis County under exceptions 14 and 4 of the Venue Statute, Art. 1995, Vernon's Ann.Civ.Statutes.

As applicable here, exception 14 is: "Suits for the recovery of lands or damages thereto, * * * must be brought in the county in which the land, or a part thereof, may lie."

The only question presented is the correctness of the trial court's judgment. His findings of fact are not challenged.

"The venue facts which a plaintiff, desiring to sue a defendant outside the county of defendant's domicile, must allege and prove, if the defendant asserts his privilege, are those which are stated in the particular exception of Art. 1995 that is applicable or appropriate to the character of suit alleged in plaintiff's petition." Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91, 93.

The trial court found that the suit is for damages to real estate, and that the real estate is in Travis County. These being the venue facts stated in exception 14, their proof was all that the law requires to defeat appellee's plea of privilege. Cowden v. Cowden, 143 Tex. 466, 186 S.W.2d 69; Cox v. Chapa, Tex.Civ.App., 188 S.W.2d 217; Tennessee Gas & Transmission Co. v.

Heard, Tex.Civ.App., 190 S.W.2d 518; Longhorn Trucks, Inc., v. Bailes, Tex.Civ. App., 225 S.W.2d 642.

Appellee here urges that because the agency of Dave Terry was not established the plea of privilege was properly sustained. We think the authorities supra and infra refute the argument. Agency is an issue to be determined upon a trial on the merits. Collins v. Griffith, Tex.Civ. App., 105 S.W.2d 895.

Exception 4 of the Venue Statute provides: "If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides. * * *"

The trial court found that Dave Terry was a resident of Travis County and that appellee was a resident of Reeves County, and that, by prima facie proof, a cause of action was shown against Dave Terry. It was alleged that Dave Terry was an employee of appellee and was acting within the scope of his employment. A judgment against the employee and employer was prayed for. It can hardly be questioned that the cause of action pleaded against the defendants was such that could not be properly joined.

██ The question of venue here presented was answered by Judge Smedley in Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, 1304, wherein he said:

"* * * the plaintiff establishes his right to maintain venue where laid, by alleging a joint cause of action against the two defendants, or a cause of action against the resident defendant so intimately connected with the cause of action alleged against the nonresident defendant that the two may be joined under the rule intended to avoid a multiplicity of suits, and by the proof afforded by the petition that such is the nature of the suit, and by proving, by independent evidence, that the defendant alleged to reside in the county where the suit is pending in fact resides in such county and the further fact that plaintiff has a cause of action as alleged against the resident defendant.

"* * * Evidence as to the merits of plaintiff's cause of action against the nonresident defendant who pleads his privilege should be given no effect in trying and determining the question of venue presented by the plea of privilege and a controverting affidavit invoking exception 4. The issue raised by the plea of privilege and the controverting affidavit is venue, not liability. Farmers' Seed & Gin Co. v. Brooks, 125 Tex. 234, 239, 81 S.W.2d 675."

It is our opinion that the trial court was in error in sustaining the plea of privilege for which reason the judgment appealed from is reversed and judgment is here rendered overruling appellee's plea of privilege.