Mary Allene GEARY, Respondent,

v.

Edwin Joseph GEARY, Appellant.

No. 22138.

Kansas City Court of Appeals.

Missouri.

March 21, 1955.

Williams & Norton, North Kansas City, Rex Parr, John C. Nipp, Kansas City, for appellant.

R. Kenneth Elliott, Walter R. James, North Kansas City, for respondent.

DEW, Judge.

This is an appeal from a decree granting respondent a divorce, custody of her minor child and certain sums for child's support, alimony and attorneys' fees.

The defendant filed an answer, denying the controversial statements of the petition, and pleaded a cross petition for a divorce and custody of the minor child. Subsequently, in the course of the trial, defendant withdrew his cross petition. The court found the issues for the plaintiff on her petition, awarded her a divorce, granted her custody of her minor child, a little girl five years of age, with the restriction that the child not be removed from the court's jurisdiction without the consent of the court, and gave defendant certain visitation privileges. The decree also awarded plaintiff $15 a week for support and maintenance of the child, $400 alimony in gross, and $125 attorneys' fees.

Respondent has filed in this court a motion to dismiss the appeal for the reason that appellant's brief does not comply with Supreme Court Rule 1.08, 42 V.A.M.S. To this motion we first turn our attention. One of the grounds on which the motion is urged is that the statement of facts contained in appellant's brief consists solely of an enumeration of the filings and the record proper. Not a word appears as to the facts or evidence in the case. Rule 1.08 requires a "fair and concise statement of the facts * * * relevant to the questions presented for determination". It is provided that such may be followed by a statement of the testimony of each witness "relevant to the points presented". Under the rule the respondent may adopt such statement or correct any errors or material omissions by a statement of his own. Furthermore, the statement may apprise the court, without a study of the entire transcript, of jurisdictional matters not elsewhere shown in the brief, and necessary for first consideration.

Rule 1.08 further provides that the concise statement of facts shall contain specific page references to the transcript. This enables the court and counsel to check the statement for accuracy and omissions, and aids the appellate court in repeated references to the record which are often necessary in preparation of its opinion and for purposes of study, citation and quotation.

The respondent further contends that the appellant's brief violates Rule 1.08 for the reason that his points of error do not specify wherein the trial court erred in the respects generally stated. The appellant's first point of error is that "The Continuation of the Marriage Relation is a Policy in which the Public Has Great Interest". The second point is that the "Decree of Divorce Should Not Be Granted Absent Conclusive Proof of the Commission of Acts Constituting Statutory Grounds for Divorce". Rule 1.08 requires that the points relied on "shall specify the allegations of error", and its amendment of December 1, 1954, expressly prohibits the statements of mere abstract questions as points of error, and particularly requires that appellant state concisely in his points relied on wherein the "Court was wrong in any action or ruling sought to be reviewed". This requirement also informs the court, without a reading of the whole record, if any of the points are without the jurisdiction of the court, and succinctly notifies the court and counsel of the exact points to be briefed and argued before the court.

In the instant case only the third point of error is in proper form to present anything for our review and we shall consider it hereinafter. Because of the foregoing substantial and grave violations of Supreme Court Rule 1.08, this court would ordinarily be justified in sustaining respondent's motion for dismissal of the appeal. Ambrose v. M. F. A. Co-Operative Ass'n of St. Elizabeth, Mo., 266 S.W.2d 647. We must bear in mind, however, that this is a divorce case, involving dissolution of a marriage contract and the custody, support and maintenance of a minor child, for which reasons the State of Missouri is a party. Because of such interest of the state, and in the exercise of our discretion in the instant case as we believe it requires, we refrain from dismissal of the appeal, and

overrule the motion therefor filed by the respondent.

Having held that appellant's Points 1 and 2 are stated in such form as to present nothing for our review, we consider the appellant's third point. It reads: "Indignities Complained of by Respondent in Her Petition for Divorce Are Abrogated upon Proof of Cohabitation Subsequent to Alleged Wrongful Acts. Cohabitation Is the Strongest Evidence of Condonation and When Proven May Be Considered Conclusive Evidence of Mutual Forgiveness and Pardon of Past Wrongs". In other words, the appellant contends that the respondent, because of one act of sexual intercourse after the separation, condoned the grounds of her divorce action.

Respondent's evidence tended to show that she was married to the appellant in October, 1946, when she was then 18 years of age and he was 25. Both parties had lived all of their lives in the State of Missouri. They separated January 27, 1953, and respondent filed her divorce petition on the 11th day of the following month. Prior to the marriage defendant indulged somewhat in intoxicating liquors, but did not become drunk. Several weeks after the marriage he began drinking frequently and claimed that he was unable to do without it. He became steadily worse in respect to drunkenness. One day in September, 1947, appellant notified respondent at her place of employment that he was bringing an army buddy home with him for dinner and asked her to go home and get it ready. Respondent went home early and prepared for the company and appellant later appeared with a colored woman, and both were drunk. Respondent refused to admit them and drove them back to the traven. While he was there he was seen to associate with other women. Respondent sat in the car until appellant again appeared and she then drove him home. The next day she left home and went to her mother. Two weeks after the above separation the appellant, admitting that he was doing wrong, joined the Alcoholics Anonymous. Respondent went back to live with him and for some time attended the meetings of the Alcoholics Anonymous

with him. Thereafter, and on June 22, 1948, the child was born. Meanwhile, appellant had been drinking excessively and would habitually come home from 12:30 to 2:00 in the morning once or twice a week. He later developed severe headaches which he said required him to drink. He continued his excessive drinking until January, 1953, when the respondent and appellant finally separated.

During the years of their married life, according to the evidence of respondent, the appellant was high tempered and cruel toward the respondent, using toward her vulgar language and on occasions he slapped and struck her. At one time he was arrested for drunken driving. When the plaintiff was five months pregnant, appellant struck her in the stomach and it was necessary for her to be hospitalized for over two weeks, during which time, and for some time after she returned to her home, she was confined to her bed with her feet propped up to prevent a miscarriage. The same night that she was brought home from the hospital, he went out and returned intoxicated at a late hour. On one occasion in 1952, when appellant came home intoxicated he pushed the respondent against the kitchen cabinet and put a butcher knife to her throat and demanded that she quit her job. He complained of her working and at the same time complained about not having money to pay the household bills.

Shortly after the final separation the appellant invited respondent to go to a show, but instead took her to a farm where her folks lived, although she protested. She threatened to call a cab if he did not take her back. A few days later appellant again invited her to a dinner and show, but instead drove her on a back road, stating that he would not take her home until she had intercourse with him. She was afraid of him. She denied that she intended to forgive him of his treatment of her. She testified that there might have been a chance of reconciliation, and she was willing to forgive him everything that had happened if she saw a definite change. She permitted the sexual intercourse. She saw no change in his subsequent conduct. The parties never co-

habited together thereafter. When asked about the occasion defendant testified that he did not know the roads and that respondent told him where to park the car and that she suggested the relations. He said it was very easy for her to get out of the truck and walk home. Appellant accused respondent of falsifying her testimony and of neglecting her house and her child. Further details of the evidence are not necessary for the purpose of determining the third and only point of error for our consideration. The one issue thus presented is whether, under the facts in evidence, there has been a condonation of the conduct of which the respondent complains.

■ The well established rule that cohabitation between husband and wife constitutes a condonation of previous conduct complained of by either in a divorce action, has its exceptions equally well established. In Weber v. Weber, 195 Mo.App. 126, 189 S.W. 577, the Springfield Court of Appeals treated this question fully. It is often cited and was characterized as a "well-considered case" by the Supreme Court in Arnold v. Arnold, 222 S.W. 996, 999. As explained in the Weber case, condonation, as used in divorce proceedings [195 Mo.App. 126, 189 S.W. 578], "means a forgiveness and pardon after full knowledge of past wrong, fault, or deficiency on condition, express or implied, that same will not be repeated". The court pointed out that in such cases, cohabitation was strong evidence of forgiveness of past conjugal offenses increasing with the fullness of knowledge of the offenses committed and the length of time continued. The court said much depended on the circumstances of the particular case. In that case, after proof of cruel treatment on the husband's part toward the wife, pleaded as grounds for her cross bill for divorce, it was elicited from her that while in St. Louis discussing a possible reconciliation, the wife spent two nights with the husband, and never lived with him thereafter. She denied that it was her intention to forgive him of his previous conduct unless he kept his promises of reform, and upon his failure to do so, she filed her cross bill to his action for divorce.

It has been said that a condonation is not an absolute, but only a conditional, forgiveness. O'Neil v. O'Neil, Mo.App., 264 S.W. 61; Ratcliff v. Ratcliff, 221 Mo.App. 944, 288 S.W. 794; Needham v. Needham, Mo.App., 299 S.W. 832; Brodsky v. Brodsky, Mo.App., 233 S.W.2d 829; Robbins v. Robbins, Mo.App., 257 S.W.2d 92; Garton v. Garton, Mo.App., 246 S.W.2d 832, 837.

■ We are asked to declare, as a matter of law, that under the evidence the respondent condoned the offenses of which she complains in her petition, by the single act of intercourse after separation, as shown by the evidence. There was substantial evidence that the purpose of the meeting between respondent and her husband on that occasion was a discussion of a possible reconciliation; that she still had hopes that he would change his attitude and conduct toward her; that, suggesting that he take her to a show, he, over her protest, took her in his car to a side road and demanded that she submit to sexual intercourse; that she was afraid of him when in such frame of mind; that he threatened to put her out of the car unless she complied with his demand; that she succumbed to his demand because she had no other choice in the matter; that the act was an isolated one and they never cohabited together thereafter; that while the petition was pending and some months after it was filed, appellant spoke of her to others in profane terms, expressing a desire never to see her again and said he only desired custody of the minor child. Under such state of the record we are unable to declare, as a matter of law, that respondent's conduct on the occasion in question constituted a condonation of the complaints pleaded in her petition. We are of the opinion that the trial court was justified in a similar conclusion. The result is that the judgment and decree of the trial court should be affirmed. It is so ordered.

CAVE, P. J., and WEIGHTMAN, Special Judge, concur.

BROADDUS, J., not sitting.