Dudley Felker RANDALL, Plaintiff-Appellant,

v.

Mildred Pickney RANDALL, Defendant-Respondent.

No. 22268.

Kansas City Court of Appeals.

Missouri.

Oct. 3, 1955.

Paul Allen, Jefferson City, for appellant.

James T. Riley, Jefferson City, for respondent.

SPERRY, Commissioner.

Dudley Felker Randall sued his wife, Mildred Pickney, for divorce. The petition was filed November 24, 1953. Defendant answered and filed crossbill on December 19, 1953. Plaintiff did not appear personally. He submitted his case on his own interrogations, and offered no other evidence. Defendant appeared and testified in her own behalf, but offered no further evidence. The court found the issues for defendant and against plaintiff and dismissed his petition. He found for defendant on her crossbill, granted her a divorce, and ordered plaintiff to pay her $100 per month alimony for a period of twelve months. Plaintiff has appealed.

Plaintiff stated, in his interrogatories, that defendant frequently drank to excess; that, on such occasions, she quarreled at him; that she had frequently taken barbiturates after drinking to excess; that she did not properly maintain a home for him; that she stayed out until late hours nights; and that she often told him that she did not care to live with him. He also stated that he and defendant slept together after the divorce petition was filed.

Defendant testified to the effect that she and plaintiff were married in 1943 and lived together as husband and wife until December 18, 1953; that plaintiff sued her for divorce and, in November, 1953, she was served with process; that, in December, 1953, plaintiff returned to their home and stayed overnight; that they slept together and had intercourse; that she believed that he had returned to stay and that the divorce proceedings were to be dismissed; that he left next day, stating that he would return, but that he did not come back; that plaintiff was in the army when they were first married; that after his discharge he attended school and she worked and helped to pay household and his school expenses; that she wanted to go to school too but there was not enough money; that plaintiff told her that if he got an education she would not need one; that he could earn the living; that he is employed at Lincoln University, Jefferson City; and has $259 per month, "take home" pay; that he would read incessantly and scarcely talked with her; that he threatened to beat her brains out on two or three occasions; that, on several occasions, he abused and struck her; that, on one occasion, he struck her and injured her eye; that no children were born of the marriage; that both parties drink, socially, in their home and elsewhere but that defendant did not drink except with plaintiff; that she had no property or money; that she wished to go back to school and fit herself to earn a livelihood; that she asked alimony for one year at $100 per month for that purpose; that she, at all times, properly demeaned herself as a wife, treated plaintiff kindly, kept the house, and served him proper meals.

Plaintiff alleges error in the granting of the decree on the grounds that the evidence fails to establish that defendant was an innocent and injured party, that is, that she, herself, was innocent of marital misconduct. Jones v. Jones, Mo.App., 164 S.W.2d 158, 161. The trial court observed defendant on the witness stand and heard her testimony. According to her testimony, plaintiff was guilty of misconduct such as to justify defendant being granted a divorce; and her testimony was to the effect that she was guilty of no misconduct such as to bar her from a divorce on that ground. The judge found that issue for defendant. We will defer to that finding, it being based on conflicting oral testimony. Section 510.310, subd. 4 RSMo 1949, V.A.M.S.; Bryant v. Bryant, Mo.App., 232 S.W.2d 199, 204.

Plaintiff also contends that, if it were shown by evidence that plaintiff was guilty of misconduct justifying defendant being granted a divorce (and we hold that defendant's uncontradicted testimony as to plaintiff's threats of physical violence, and of actual violence, constitutes substantial evidence on that issue), she fully condoned such conduct. This contention is based on defendant's admission that the parties had sexual intercourse after the petition was filed.

Cohabitation which will condone past offenses is conditioned upon the future good behavior of the offending party Wade v. Wade, Mo.App., 229 S.W.2d 432, 439. The undisputed evidence here is to the effect that plaintiff had separated from defendant, had left their home, and had instituted a suit for divorce. It is also to the effect that, when she consented to the cohabitation, she understood that the divorce action was to be dismissed and that they would resume marital relations. However, plaintiff having told her that he would return to their home, left the next morning and has never returned to live with her, nor has he fulfilled any of his marital obligations since then. On the contrary, July 16, 1954, he filed application for commission to take his own deposition in this case, and proceeded to trial on his petition, on July 29, 1954.

■ Under the record here the trial court could have found that defendant agreed to this single, isolated act of sexual intercourse under the belief that plaintiff would return to their home and perform his marital obligations which, under the evidence, he had not theretofore done. We will not hold, as a matter of law, that defendant's conduct, under the circumstances here shown, constituted a condonation of the complaints pleaded in her crossbill. Geary v. Geary, Mo.App., 277 S.W.2d 327, 330.

We have adversely ruled all points presented by appellant on this appeal. The judgment should be affirmed.

BOUR, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment is affirmed.

All concur.