Harold E. (Jack) McCOLLUM et al.,
Appellants,

v.

MERCHANTS FACTORS CORP. OF TEXAS, Appellee.

No. 16011.

Court of Civil Appeals of Texas.

Dallas.

May 25, 1962.

**184**

Trotter, Cramer & Childs, and J. Paul Pomeroy, Jr., Houston, for appellants.

Ungerman, Hill, Ungerman &' Angrist, and Robert W. Austin, Dallas, for appellee.

DIXON, Chief Justice.

This is an appeal from an order overruling a plea of privilege, which plea sought to transfer a suit from Dallas County, Texas to Walker County, Texas for trial. The parties will be referred to as in the trial court.

The plaintiff is Merchants Factors Corporation of Texas, a Delaware Corporation, with its principal office in Dallas, Texas.

The defendants named in plaintiff's amended petition are Robert W. McCollum and Harold E. McCollum, residents of Walker County, Texas; Lee Mitchell and C. K. Dollar, residents of Dallas County, Texas; Bob McCollum Sales & Service, Inc., a corporation; Robert W. McCollum and Harold E. McCollum as trustees and directors of Bob McCollum Sales & Service, Inc.; and Robert W. McCollum and Harold E. McCollum, partners, doing business as Bob McCollum Sales & Service. Plaintiff alleged that C. K. Dollar now operates his own business in Dallas, Texas known as Dollar Tire Company, but that he formerly operated as a partner of Harold E. McCollum in a business known as Texas Tire Traders.

Between the time plaintiff filed its original petition and the time its amended petition was filed, the defendants Robert W. McCollum and Harold E. McCollum filed a plea in abatement (subject to their plea of privilege) denying under oath that they were partners doing business as Bob McCollum Sales & Service. In its amended petition plaintiff takes notice of their plea in abatement. Since Subd. 4 of Art. 1995, Vernon's Ann.Civ.St. is among the statutes relied on by plaintiff to maintain venue in Dallas County we believe it well to quote part of plaintiff's amended petition:

"That plaintiff believed it was dealing with such company as a partnership as hereinabove alleged, but in the event it was really a corporation, de-

fendants McCollum are estopped to assert such fact. * * * Plaintiff shows to the court that the defendants Harold E (Jack) McCollum and Robert W. McCollum are asserting that no partnership existed as between them in the firm of Bob McCollum Sales & Service at the times hereinabove described and set out, and in connection therewith and as part of plaintiff's cause of action herein it shows and represents to the court that insofar as said defendants are concerned they did business under the name of Bob McCollum Sales & Service and used the name or business of Bob McCollum Sales & Service as a conduit or means by which they conducted a tire business, and exchanged property and assets between the business of Mitchell Enterprises, Inc. and such business of Bob McCollum Sales & Service, and the transfer of funds between such business, and as part of their fraudulent plan and scheme, and intermingled the affairs, accounts, and finances of such business, the said Harold E (Jack) McCollum being the dominating force and director of such business, and the said Harold E (Jack) McCollum controlling and directing the same, and drawing from the business Mitchell Enterprises, Inc. large sums of money for his own use and benefit, and converting and transferring assets, properties and monies to himself and between and among the various enterprises controlled and directed by him."

It was alleged that Harold E (Jack) McCollum and Lee Mitchell were at the times material hereto stockholders in and officers of Mitchell Enterprises, Inc. a corporation with its principal office in Dallas, Texas. Mitchell Enterprises, Inc. is not a party to this suit. Lee Mitchell and Mitchell Enterprises, Inc. have heretofore been adjudicated bankrupts.

Plaintiff further alleged that pursuant to written agreements and guarantees it factored invoices totalling $10,345.31 purporting to cover tires sold and delivered by Mitchell Enterprises, Inc. to Texas Tire Traders, a partnership. Also factored were invoices totalling $12,018.83 purporting to cover tires sold and delivered by Mitchell Enterprises, Inc. to Bob McCollum Sales & Service, which plaintiff alleges it was led to believe was a partnership composed of Harold E (Jack) McCollum and Robert W. McCollum. Plaintiff in good faith advanced money to Mitchell Enterprises, Inc. in an amount of 90% of the full amount of said invoices, less its commission as factor.

The said invoices, according to plaintiff's allegations, did not actually represent bona fide sales, or actual shipment and delivery of the tires, but resulted from a fraudulent scheme and conspiracy between defendants whereby Texas Tire Company and Bob McCollum Sales & Service executed purchase orders. Mitchell Enterprises, Inc. then issued invoices regular on their faces, and obtained money on said invoices from plaintiff, though said merchandise had not really been sold or delivered.

A plea of privilege was filed in behalf of Bob McCollum Sales & Service, Inc. by J. Paul Pomeroy, Jr. a former stockholder, director and officer of the corporation. Robert W. McCollum and Harold E. McCollum also filed a plea of privilege. Only Bob McCollum Sales & Service, Inc. by J. Paul Pomeroy, Jr. and Robert W. McCollum individually have appealed from the order overruling the pleas of privilege.

### FACTS

Many of the material facts are undisputed. Plaintiff and Mitchell Enterprises, Inc. entered into two written factoring agreements dated April 9, 1959 and March 9, 1960, respectively, whereby plaintiff agreed to factor invoices for Mitchell Enterprises, Inc. These agreements are lengthy and only material portions will be referred to hereinafter.

To further protect plaintiff two unconditional guaranty contracts were executed also dated April 9, 1959 and March 9, 1960, respectively, signed by Harold E. McCollum and Lee Mitchell. By these instruments the signers agreed to become primarily liable for obligations and indebtedness owed to plaintiff by Mitchell Enterprises, Inc.; agreed to waive notice of default by the principal; and agreed that they might be sued without making Mitchell Enterprises, Inc. a party.

At intervals thereafter invoices were issued by Mitchell Enterprises, Inc. and were factored to plaintiff, the latter advancing 90% of the amount of the invoices less a factor's fee.

On February 26, 1960 Mitchell Enterprises, Inc. executed a promissory note in the amount of $11,795.25 payable on demand to plaintiff at Dallas, Texas, which note provided that as collateral security therefor Mitchell Enterprises, Inc. had deposited with appellant a St. Louis Terminal Warehouse receipt in the amount of $12,-008.00.

Both C. K. Dollar and Harold E. McCollum testified that Texas Tire Traders was a partnership composed of Robert W. McCollum, Ben Grissom, Harold E. McCollum and C. K. Dollar. According to C. K. Dollar this partnership continued to operate until September 1959 when Dollar purchased practically all of its physical assets and established his own business under the name of Dollar Tire Company. Though Robert W. McCollum was present and testified he did not deny this testimony of Dollar and Harold E. McCollum.

C. K. Dollar and Harold E. McCollum also testified that they caused the invoices to be prepared purportedly supporting sales of tires by Mitchell Enterprises, Inc. to Texas Tire Traders, though no such merchandise was actually sold and delivered. They then factored these spurious invoices with plaintiff. The money thus fraudulently obtained was used to pay obligations of Harold E. McCollum, one of the partners of Texas Tire Traders.

Robert W. McCollum in his testimony denied that Bob McCollum Sales & Service was ever a partnership between himself and his brother Harold E. McCollum. He also testified that to the best of his knowledge everything he was billed for from Mitchell Enterprises, Inc. was actually delivered to him, or his place of business or his warehouse, and that he had paid Mitchell Enterprises, Inc. everything he ever owed them.

Defendant Bob McCollum Sales & Service, Inc., as shown by its articles of incorporation, was organized October 30, 1958; and, as shown by articles of dissolution, it was dissolved March 11, 1960. Robert W. McCollum testified that he was president of the corporation. The invoices involved in this controversy which were made out to Bob McCollum Sales & Service by Mitchell Enterprises, Inc. bore various dates between April 13, 1959 and March 13, 1959.

Seymour Bernstein, plaintiff's president, testified that none of the invoices factored by his company, either those made out to Texas Tire Traders or those made out to Bob McCollum Sales & Service had been paid.

## OPINION

Plaintiff in its controverting pleas alleged that venue is maintainable in Dallas County, Texas under Subds. 4, 5, 7, 23 and 29a of Article 1995, V.A.C.S.

Defendants present several alleged points on appeal, the gist of which is that there is no evidence of any contract in writing signed by either of the appealing defendants, so Subd. 5 does not apply; there is no evidence of fraud on the part of either of the appealing defendants, so Subd. 7 does not apply; the causes of action against the two appealing defendants are not so closely related to the causes of action against the other defendants as to require their being tried together in order

to avoid a multiplicity of suits, so Subd. 4 does not apply; Robert W. McCollum was sued as an individual and as a trustee and director of Bob McCollum Sales & Service, Inc. and there is no showing that he is either a trustee or a former director, so Subd. 23 does not apply; and the two appealing defendants, under the undisputed facts, are not necessary parties to the cause of action against the other parties, so Subd. 29a does not apply.

■ There is no evidence that either of the two appealing defendants contracted in writing to be sued in Dallas County. Harold E. McCollum and Lee Mitchell signed an unconditional guaranty under the terms of which they agreed to become primarily liable for the debts of Mitchell Enterprises, Inc. Therefore they were bound by the terms of the note of Mitchell Enterprises, Inc., which note stipulated that payment was to be made in Dallas County, Texas. So far as the record shows Robert W. McCollum and Bob McCollum Sales & Service, Inc. signed nothing in writing. Subd. 5 does not apply to them.

The evidence undoubtedly shows fraud on the part of Harold E. McCollum and C. K. Dollar, partners who arranged for the spurious invoices to be made out to Texas Tire Traders.

■ But there is no showing that false representations were made by Robert W. McCollum or by any representative of Bob McCollum Sales & Service, Inc. As we have already pointed out there is the uncontradicted testimony of defendants Dollar and Harold E. McCollum that Robert W. McCollum was one of the four partners operating Texas Tire Traders when the spurious invoices were prepared and factored to plaintiff. Does this make Robert W. McCollum a party to the fraud of his partners? We might be inclined to so hold were it not for the fact that plaintiff did not plead that Robert W. McCollum was a partner in Texas Tire Traders.

It pled that Texas Tire Traders was a partnership composed of Dollar and Harold E. McCollum. Since this appeal involves only a question of venue we are of the opinion that under the circumstances Subd. 7 of Art. 1995, V.A.C.S. cannot be invoked by plaintiff to retain venue in Dallas County as to the two appealing defendants.

Does Subd. 4 of the Statute apply so as to retain venue in Dallas County, as to all defendants? In our opinion it does.

The venue facts which must be shown under Subd. 4 are: (1) that one defendant resides in the county of suit; (2) that the plaintiff alleged in his petition a joint cause of action against the resident and nonresident defendants, *or a cause of action against the resident defendant so intimately connected with the cause of action alleged against the nonresident defendant that the two may be joined together under the rule intended to avoid a multiplicity of suits;* and (3) the plaintiff must plead and prove that he has in fact a cause of action against the resident defendant. Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300.

The plaintiff in this cause has met the above three requirements. Lee Mitchell and C. K. Dollar are residents of Dallas County, Texas. Dollar testified that he had been a resident for about twenty years. Examination of the evidence will certainly show support for the trial court's implied finding that plaintiff has in fact a cause of action against the Dallas County defendants.

■ With reference to the requirement—numbered (2) as heretofore set out —it has often been held that the plaintiff need only *allege* a joint cause of action against the nonresident defendant, or causes of action intimately connected. He need not *prove* a bona fide claim against the nonresident defendant. Stockyards National Bank v. Maples, supra; Texas State Bank of Alice v. Baker, Tex.Civ.

**188**

App., 275 S.W.2d 168; Benson v. Greenville National Exchange Bank, Tex.Civ. App., 228 S.W.2d 272; Clark "Venue in Civil Actions", p. 34; McDonald "Texas Civil Practice", Vol. 1, pp. 343–344. In this case plaintiff pled a conspiracy involving all defendants, a joint cause of action. There is nothing to indicate that the pleading was merely a false stratagem for the mere purpose of retaining venue in Dallas County.

Should we be mistaken in the above holding we are nevertheless convinced that plaintiff has met the alternative part of the requirement heretofore numbered (2): that the causes of action as shown by plaintiff's petition are so intimately connected that the two may be joined under the rule intended to avoid a multiplicity of suits. It does not matter that the causes alleged do not necessarily call for the same type or amount of recovery against each defendant. If they are intimately connected it is sufficient. Atlas Roofing Co. v. Hall, 150 Tex. 611, 245 S.W.2d 477; Taylor v. Jones, Tex. Civ.App., 244 S.W.2d 371; Roberts v. Allen, Tex.Civ.App., 225 S.W.2d 227; Ditmore v. Nicholson, Tex.Civ.App., 188 S. W.2d 414 (Syl. 5). We hold that Subd. 4 is applicable in this case and venue thereunder as to the two appealing defendants may be retained in Dallas County.

Subd. 23 of Art. 1995, V.A.C.S. is not applicable because plaintiff failed to show essential facts to make out a case against Bob McCollum Sales & Service, Inc. Stone Fort National Bank of Nacogdoches v. Forbess, 126 Tex. 568, 91 S.W.2d 674.

We do not believe Subd. 29a may properly be invoked by plaintiff for two reasons: (1) the Subd. applies only when none of the defendants resides in the county of suit, and (2) the appealing defendants are not necessary parties to plaintiff's suit. McDonald "Texas Civil Practice," Vol. 1, pp. 334–336.

We sustain appellant's points pertaining to Subdivisions 5, 7, 23 and 29a of Art. 1995, V.A.C.S. But we overrule appellant's point pertaining to Subdivision 4 of the Statute. Venue may be retained in Dallas County under said Subdivision 4. Therefore the judgment of the trial court must be affirmed.

Affirmed.