**HOSPITAL SCIENCES OF NORTHERN CALIFORNIA, INC., et al., Appellants,**

v.

**MEDICAL COMPUTER SYSTEMS, INC., Appellee.**

No. 5127.

Court of Civil Appeals of Texas, Waco.

June 15, 1972.

Rehearing Denied July 13, 1972.

James A. Moore, T. D. Smith, Houston, for James Reed and O. B. Frasier.

Margolis & Staffin, Dallas, for Hospital Sciences of Northern California, Inc.

Michael Lowenberg, Akin, Gump, Strauss, Hauer & Feld, Dallas, for Medical Computer Systems, Inc.

## OPINION

JAMES, Justice.

This is a venue matter involving Subdivision 4 of Article 1995, Vernon's Ann. Tex.Civ.St. Plaintiff-Appellee Medical Computer Systems, Inc. (hereinafter called MCSI, a Texas Corporation based at Dallas, Texas) brought this suit in Dallas County, Texas, against Hospital Sciences of Northern California, Inc. (hereinafter called HSNC, a California Corporation, based at Oakland, California) Eden Township Hospital District (a California Hospital District), West Contra Costa Hospital District (a California Hospital District), one Charles Johnson (a resident of California), Appellant James Reed (a resident of Texas) and Appellant O. B. Frasier (a resident of Harris County, Texas).

MCSI's suit arises out of a written contract between itself and HSNC, wherein MCSI agreed to perform data processing services through HSNC to its member hospitals, including Eden and Brookside. Performance of the contract called for the member hospitals in the San Francisco, California area, to gather and prepare their input data and turn it over to MCSI representatives stationed in California, who in turn would send the data either by leased wire or mail to MCSI computers located in Dallas, Texas. The computers would issue the types of reports required by the hospitals and transmit them back from Texas to California over a leased line and deliver them to HSNC and its member hospitals. The reports made by the computers included such things as patient billing, proration of hospital bills between the insurance companies and the patients, accounts receivable, accounts payable, and several other aspects of hospital business records.

MCSI's suit was in two counts, the first count being for the alleged unpaid balance due by HSNC, Eden, and Brookside to MCSI under the contract and for damages, with which count we are not concerned. The second count alleged a fraudulent conspiracy between Johnson, Reed and Frasier, wherein they were charged with interfering with the contractual relationship between MCSI and HSNC, causing HSNC to cancel its contract with MCSI and placing its work with another company called Medical Dimensions, Inc., (hereinafter called MDI), in which Reed and Frasier were interested. During the times material to the alleged conspiracy, Johnson was Executive Director of HSNC, and was a resident of California; Reed was Marketing Manager of MCSI and was alleged by Plaintiff-Appellee MCSI to be a resident of Dallas County, Texas, whereas Reed himself contended that he was a resident of Harris County, Texas; and Frasier was a resident of Harris County, Texas. Frasier had been an official of MCSI until May 31, 1970, when he was fired by MCSI, after which he had formed MDI with headquarters at Houston, Harris County, Texas, and was Chairman of the Board of Directors of MDI at the time of the alleged conspiracy.

Reed and Frasier each filed pleas of privilege to be sued in Harris County, Texas, which were controverted by Plaintiff. The trial court after a hearing overruled both pleas of privilege, from which order Reed and Frasier prosecute this appeal.

Appellants set out three points of error in their brief; however, in view of our ruling on the first point it will be unnecessary for us to discuss their second and third points. Their first point contends the trial court erred in overruling their pleas of privilege under Subdivision 4 of Article 1995 in that Plaintiff-Appellee failed to prove that any of the Defendants were residents of Dallas County and further that Plaintiff-Appellee failed to prove a cause of action against any Defendant alleged to be a resident of Dallas County.

We overrule this point and affirm the order of the trial court.

The pertinent language of Subdivision 4 is:

"4. Defendants in different counties.— If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides. * * *".

We have carefully reviewed the entire record, and have found that there is ample evidence to show that Reed was a resident of Dallas County, and was therefore a resident Defendant. Frasier was without dispute a resident of Harris County and was therefore a nonresident Defendant.

■ To maintain venue under Subdivision 4, Article 1995, VATS, where there is a resident and a nonresident Defendant, as here, it is not incumbent upon the Plaintiff to prove a cause of action against the nonresident Defendant, and he establishes his right to maintain venue where laid by (a) alleging a joint cause of action against both Defendants, or a cause of action against the resident Defendant so intimately connected with the cause of action alleged against the nonresident Defendant that the two may be joined under the rule intended to avoid a multiplicity of suits; (b) by proving by independent evidence that the resident Defendant in fact resides in such county; and (c) proving that the Plaintiff has a cause of action against the resident Defendant. Stockyards National Bank v. Maples (Comm.App.1936) 127 Tex. 633, 95 S.W.2d 1300, opinion adopted by the Supreme Court; Ladner v. Reliance Corporation (1956), 156 Tex. 158, 293 S. W.2d 758.

■ In the case at bar, we believe the Plaintiff has met the burden imposed upon him to maintain venue under Subdivision 4. First, he has alleged a joint cause of action against Reed, Frasier, and Johnson, by its allegations that they entered into a fraudulent conspiracy to bring about a cancellation by HSNC of the contract with Plaintiff, and to cause HSNC to place their data processing business with MDI. See McCollum v. Merchants Factors Corp. of Texas (Dallas Tex.Civ.App.1962) 358 S.W.2d 183, no writ history.

■ Second, we believe the Plaintiff proved Reed to be a resident of Dallas County. Reed together with his wife and mother-in-law owned a home at 3747 Vinecrest in the City of Dallas, in Dallas County, in which resided his wife and three children. Reed contended that his wife and he are permanently separated; however, there is no divorce suit pending nor is there any contemplated by himself or his wife. Reed resigned from MCSI on June 30, 1970, and went to work for MDI in July, 1970, in Houston. Since July 1970, he stayed for a time in a motel and then changed to an apartment in Houston where he was staying at the time of the trial court's hearing. During all of this time he has been working in Houston, his apartment rent and his telephone bill have been paid or reimbursed by his employer MDI. Mr. Frasier, an officer of MDI, testified that his company maintained apartments for its employees as a "cost of doing business for distant locations that require various people to be in and out from time to time".

Meanwhile, Reed's wife and three children live at the Dallas home, where Reed keeps his personal clothing and effects. He "visits" his family in Dallas two or three or more times per month, according to his testimony, and does not need to take a suitcase there since he has adequate clothes and effects in the Dallas home. He has a personal listing in the Dallas telephone directory, and pays all the household expenses either personally or through his wife; he pays property taxes in Dallas County; all his cars are registered in Dallas County, including the one he drives when in Houston; he pays taxes on his cars in Dallas County; he obtained his current automobile liability insurance in Dallas County; he periodically visits his personal physician in Dallas County. In

short, we believe the proof is amply sufficient to show that Reed was a resident of Dallas County, and to support the trial court's implied finding to this effect.

■ Third, we believe the Plaintiff proved a cause of action against Reed, the resident Defendant. Reed was an employee of Plaintiff MCSI until June 30, 1970, when he resigned and a few days later went to work for MDI in July 1970. While Reed worked for MCSI, one of his duties was to supervise the performance of the contract in question with HSNC. On June 26, 1970, Reed attended a meeting in Walnut Creek, California, at the residence of Defendant Johnson, together with Johnson, Frasier, and the hospital administrators of the various hospitals associated with HSNC. Reed testified that he attended the meeting at the invitation of Frasier and that the purpose of the meeting was to persuade HSNC and the hospitals to terminate their contract with MCSI and enter into a new data processing agreement with MDI. Reed participated in the discussion, helped Frasier to explain his new proposal, answered questions asked by the hospital administrators, and used his best efforts to help MDI get the contract. It was generally agreed that Reed enjoyed the confidence of the hospital administrators and the HSNC people, and therefore the things he told them carried considerable weight. He told them that if they would cancel their contract with MCSI, and make a new agreement with MDI, that he would quit his employment with MCSI and go to work for MDI. The next day after this meeting, on June 27, 1970, HSNC did terminate its contract with MCSI, and entered into a new contract with MDI. Three days later on June 30, 1970, Reed resigned his job with MCSI and went to work for MDI.

On June 25, 1970, the day before the conference at Johnson's residence, Reed and Frasier had a private talk in which Reed expressed a willingness to quit his job with MCSI and go to work for MDI if Frasier could get the HSNC contract for MDI. Frasier at this time told Reed he would be interested in having Reed come to work for MDI. Of course all of this time Reed was in the employ of MCSI, and testified that he ostensibly made this trip to California for the purpose of collecting money due MCSI from HSNC and the hospitals. We are of the opinion that the Plaintiff MCSI has proved a cause of action against Reed, the resident Defendant, by showing the conspiracy that he entered into with Frasier as hereinabove set out. The proof shows that Reed and Frasier did plot to induce the cancellation of the Plaintiff's contract in question and get the business for MDI; that Reed was instrumental in carrying out the plot while an employee of Plaintiff; that Reed and Frasier were successful in their scheme, after which Reed quit his job with Plaintiff to go to work for MDI.

In the instant case, no findings of fact and conclusions of law were filed, and none were requested by Appellants. This being true, the trial court's judgment implies all necessary fact findings in support of the judgment. In seeking to determine whether there is any evidence to support the judgment and the implied findings of fact incident thereto, it is proper to consider only that evidence most favorable to the issues and to disregard entirely that which is opposed to them or contradictory to their nature. Renfro Drug Co. v. Lewis (1950) 149 Tex. 507, 235 S.W.2d 609, 23 A.L.R.2d 1114. The foregoing test on appeal in a venue case is the same as in any other civil case. Banks v. Collins (1953) 152 Tex. 265, 257 S.W.2d 97. Also see Kirksey v. Warren (Dallas Tex.Civ.App.1961) 348 S.W.2d 33, no writ history.

The trial court's judgment overruling the Appellants' pleas of privilege is accordingly affirmed.

Affirmed.