**Douglas Alfred MILLER, Appellant,**

v.

**Barbara Lynn MILLER, Appellee.**

**No. 6785.**

Court of Civil Appeals of Texas, El Paso.

Nov. 22, 1978.

Rehearing Denied Jan. 3, 1979.

Ted Hollen, Austin, for appellant.

Warren Burnett, Associated, Warren E. Burnett, W. Ruff Ahders, Odessa, for appellee.

OPINION

OSBORN, Justice.

This is an appeal from an order sustaining a plea to the jurisdiction of the trial Court filed by an Arizona resident in a case involving a parent-child relationship. We affirm.

The marriage between these parties was terminated by a divorce decree signed on March 2, 1977. That judgment named the Appellee, Barbara Lynn Miller, managing conservator of the parties' two minor children, and named the Appellant, Douglas Alfred Miller, possessory conservator. Mr. Miller was given certain specified rights for access to and possession of the children, including one month each summer and on

certain holidays. The decree recites that the "children presently reside with their mother in Chandler, Arizona."

On June 15, 1978, Appellant filed a motion to modify custody, alleging material and substantial change in conditions since the entry of the divorce decree, and requested that he be named managing conservator, or in the alternative for certain increase of his visitation rights with the children. That sworn pleading alleged that Appellee "resides at 1263 West Oakland Street in Chandler, Arizona." A show cause order was entered and Appellee was served by certified mail at her address in Chandler, Arizona. She filed a special appearance and motion to dismiss for lack of jurisdiction. Without having heard any evidence, the trial Court dismissed the case and held that the State of Arizona has exclusive jurisdiction.

The Appellant presents four points of error, all presenting the same basic issues that the trial Court erred in sustaining the plea to the jurisdiction because there is no evidence and insufficient evidence to support such holding.

The last session of the Legislature added Section 11.051, "Acquiring Jurisdiction Over Nonresident" to the Texas Family Code. It provides:

"In a suit affecting the parent-child relationship, the court may exercise personal jurisdiction over a person on whom service of citation is required or over the person's personal representative, although the person is not a resident or domiciliary of this state, if:

(1) the child was conceived in this state and the person on whom service is required is a parent or an alleged or probable father of the child;

(2) the child resides in this state, as defined by Section 11.04 of this code, as a result of the acts or directives or with the approval of the person on whom service is required;

(3) the person on whom service is required has resided with the child in this state; or

(4) notwithstanding Subdivisions (1), (2), or (3) above, there is any basis consistent with the constitutions of this state or the United States for the exercise of the personal jurisdiction."

In this case, Subdivision (3) is applicable to the Appellee since she, and the two children who were born in Texas, did at one time reside within this State.

The Appellee asserts that the case is controlled by the holding in *Corliss v. Smith*, 560 S.W.2d 166 (Tex.Civ.App.—Tyler 1977, no writ). Only one other case, *Zeisler v. Zeisler*, 553 S.W.2d 927 (Tex.Civ.App.—Dallas 1977, writ dism'd), has been decided on the basis of this new Statute. In that case, the appellate Court concluded that the trial Court did have jurisdiction over a nonresident father in a child support case.

But in the *Corliss* case, which involved a modification of visitation rights, the trial Court and appellate Court concluded that the Texas Courts had no jurisdiction over a mother who, with her children, had resided in Nebraska for a period of more than four years when the modification suit was filed. In that case, Justice Moore, in a well reasoned opinion, said:

"* * * [I]n determining whether to assert jurisdiction, when the undisputed proof shows that the child and the managing conservator have resided in a foreign state for six months or more before the suit was filed, we think a presumption arises that the Texas courts no longer constitute convenient and/or competent forums to adjudicate claims affecting the parent-child relationship and have lesser interests in protecting the welfare of the child than the foreign state, and are consequently unwarranted in asserting jurisdiction in the absence of sufficient proof to overcome the presumption.
* * * *"

In addition to the reasons for the rule as set forth in that opinion, also see the discussion by Professor Sampson, "Jurisdiction in Divorce and Conservatorship Suits," 8 Tex. Tech.L.Rev. 159, 206, et seq. (1976); and "Long-Arm Jurisdiction," 38 Tex.B.J. 1023, 1028 (1975).

We conclude that the holding in the *Corliss* case should be applied in this case. Our problem is that the trial Court in this case had no stipulation of facts as existed in the *Corliss* case, and it heard no evidence. One who asserts a lack of jurisdiction bears the burden to establish that contention. *Scott v. Scott*, 554 S.W.2d 274 (Tex.Civ.App. —Houston [1st Dist.] 1977, no writ); *Hoppenfeld v. Crook*, 498 S.W.2d 52 (Tex.Civ. App.—Austin 1973, writ ref'd n. r. e.).

In this case, the trial Court's judgment recited residency of Mrs. Miller in Arizona at the time it was entered in March, 1977. The sworn motion to modify custody may be taken as an admission of her Arizona residency in June, 1978. But there is no proof about the period in between. Our Courts have consistently held that once a residence is shown by the evidence, and nothing is shown as to a change in residence thereafter, it will be presumed that it continued at the place where it was initially shown to be. *Winningham v. Connor*, 552 S.W.2d 579 (Tex.Civ.App.—Tyler 1977, no writ); *Eastex Poultry Co. v. Benefield*, 268 S.W.2d 270 (Tex.Civ.App.—Beaumont 1954, no writ); *Deason v. Bryant*, 263 S.W.2d 801 (Tex.Civ.App.—Beaumont 1953, no writ).

The Appellant having not gone forward with the evidence to overcome the presumption as to the continuation of the residency in Arizona, we conclude that the trial Court properly sustained the plea to the jurisdiction. The Appellant's four points of error are overruled.

The order of dismissal is affirmed.