Hal BRADFORD, Appellant,

v.

Vicente VEGA et al., Appellees.

No. 5968.

Court of Civil Appeals of Texas, Waco.

Feb. 9, 1979.

C. H. Gilmer, Rocksprings, for appellant.

Edwin H. White, Rocksprings, for appellees.

OPINION

JAMES, Justice.

This is a venue case involving Subdivision 4 of Article 1995, Vernon's Texas Civil Statutes. Plaintiff-Appellant Hal Bradford brought this suit in the County Court of Edwards County, Texas, against Defendant Vicente Vega, a resident of Edwards County, and Defendant-Appellee James O. Gentry, Sr. a resident of Dallas County. Bradford sued Vega and Gentry jointly and severally for $975.00 damages for the alleged breach of a contract by Defendants to mount an antelope head owned by Plaintiff and return it to him.

Defendant-Appellee Gentry filed a plea of privilege requesting that the cause be transferred to Dallas County, the county of his residence; whereupon Plaintiff Bradford controverted under Subdivision 4, Article 1995, V.T.C.S.

The trial court after hearing sustained Defendant Gentry's plea of privilege and ordered the cause to be transferred to Dallas County, from which order Plaintiff Bradford appeals.

Plaintiff-Appellant Bradford asserts the trial court erred in sustaining Gentry's plea of privilege, contending that he, Bradford, had met his burden in establishing the necessary venue facts to maintain venue in Edwards County under Subdivision 4, Article 1995. We sustain Appellant's point of error and reverse and remand the cause to the County Court of Edwards County for trial upon the merits in said county.

To maintain venue under Subdivision 4, Article 1995, in the county of suit, where there is a resident defendant and one or more nonresident defendants, the plaintiff has the burden of: (1) alleging a joint cause of action against the resident and nonresident defendants, or a cause of action against the resident defendants so intimately connected with the cause of action alleged against the nonresident defendants that they may be joined under the rule intended to avoid a multiplicity of suits; (2) proving by independent evidence that the resident defendant resides in such county; and (3) proving that the plaintiff has a cause of action against the resident defendant. *Stockyards National Bank v. Maples* (Comm.App.1936) 127 Tex. 633, 95 S.W.2d 1300, opinion adopted by the Supreme Court; *Ladner v. Reliance Corporation* (Tex.1956) 156 Tex. 158, 293 S.W.2d 758; *Hospital Sciences v. Medical Computer Systems, Inc.* (Waco CA 1972) 482 S.W.2d 699, no writ; *A. & M. Construction Co. v. Davidson* (Waco CA 1972) 485 S.W.2d 375, 377, no writ; *Cemco, Inc. v. World Wide Investors* (Waco CA 1972) 487 S.W.2d 833, 837, no writ.

In the case at bar, the undisputed evidence shows that Plaintiff Bradford in the latter part of 1976 entered into an agreement with (resident) Defendant Vega, whereby Vega agreed to arrange for the mounting of a blackbuck antelope head belonging to Plaintiff. Vega told Plaintiff that he had a working arrangement with a taxidermist who would periodically pick up animal heads from Vega at the locker plant where he (Vega) worked, in Rocksprings, Texas, mount them according to Vega's specifications, and return them to Rocksprings. Plaintiff delivered the head to Vega with the understanding that the total cost would be $120.00, and that the head would be returned to Rocksprings when it was ready. Defendant Vega thereupon turned the head over to (nonresident) Defendant Gentry, who proceeded to mount it in accordance with Vega's instructions. Plaintiff paid $60.00 by check to Gentry, which check was cashed by Gentry. The record is not clear whether Plaintiff gave the $60.00 check to Vega for forwarding to Gentry, or whether Plaintiff sent the check directly to Gentry. Plaintiff testified that he told Vega he would pay the balance of $60.00

when he received the mounted deer head. Vega's testimony was also to this effect, and that the total cost of mounting the head would be $120.00 with the deer head to be delivered to Rocksprings.

On February 9, 1978, Gentry wrote a letter to Plaintiff advising Plaintiff that the balance due for the mounted head was $71.55. Said letter also stated, "This item must be picked up within 10 days or it will be put up for sale."

■ Gentry's testimony was to the effect that (1) the balance due was $71.55 instead of $60.00, and (2) Gentry was not obligated to deliver the mounted deer head to Plaintiff at Rocksprings. In this respect Gentry's testimony was conflicting with that of Plaintiff and Vega; however, the fact that there may be conflicting evidence on these facts is immaterial in trying and determining the question of venue. The issue raised by the plea of privilege and the controverting plea is venue, not liability. See *Stockyards National Bank v. Maples* (Comm.App. 1936) 127 Tex. 633, 95 S.W.2d 1300 at page 1304, opinion adopted.

■ We are of the opinion and hold that Plaintiff-Appellant Bradford has met his burden to maintain and establish venue of this cause in Edwards County under Subdivision 4 of Article 1995 under the authorities hereinabove cited, and that the trial court erred in sustaining Defendant-Appellee Gentry's plea of privilege.

We accordingly reverse and remand the cause to the County Court of Edwards County for trial of said cause on the merits in said county.

REVERSED AND REMANDED.