**Robert T. GABEL, Appellant,**

**v.**

**BLACKBURN OPERATING COR-
PORATION, Appellee.**

**No. 7718.**

Court of Civil Appeals of Texas.

Amarillo.

May 8, 1967.

Rehearing Denied June 5, 1967.

John W. Warner, Pampa, for appellant.

Kolander & Templeton, Amarillo, J. M. Kolander, Amarillo, of counsel, for appellee.

DENTON, Chief Justice.

This is a venue case. Blackburn Operating Corporation filed suit against Lois Ann Gabel and Robert T. Gabel on a sworn account for merchandise sold and delivered to the defendants. No answer was filed by Mrs. Gabel. Mr. Gabel filed a plea of privilege and a sworn denial. Plaintiff controverted Gabel's plea of privilege and relied upon Subdivision 4 of Article 1995, Vernon's Ann.Civ.St. The trial court overruled the plea of privilege and Robert Gabel has appealed.

Although Mrs. Gabel filed no answer she was subpoenaed by appellee and testified at the hearing. The debt was incurred at the time Robert and Lois Gabel were husband and wife, but living apart. She testified she purchased the merchandise from appellee while married to Robert Gabel and such purchases were made with his permission; and confirmed she was a resident of Potter County at the time the suit was filed.

■ Subdivision 4 of Article 1995 provides that where there are resident and non-resident defendants, suit may be maintained in any county where one of the defendants reside. In order to maintain venue in the county of the resident defendant: (1) plaintiff must allege and prove a cause of action against the resident defendant; (2) plaintiff must allege a joint cause of action against the nonresident defendant. Stockyard National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300. Pittsburgh Plate Glass Co. v. Bragg (Tex.Civ.App.) 383 S.W.2d 623 (Writ Dis.). Serv-All Co. v. Minatra (Tex.Civ.App.) 397 S.W.2d 467.

■ Appellant first contends the trial court erred in overruling his plea of privilege because the evidence was insufficient to prove a cause of action against the resident defendant. The failure of the resident defendant, Lois Ann Gabel, to file a sworn denial of plaintiff's verified account amounts to an admission that the account is correct. Walker-Neer Machine Co. v. Acmeline Mfg. Co. (Tex.Civ.App.) 279 S.W.2d 156 (Ref.N.R.E.). Dyche v. Simmons (Tex.Civ.App.) 264 S.W.2d 208 (Ref.N.R.E.). Rule 185, Texas Rules of Civil Procedure. But in the absence of the provisions of Rule 185, the testimony of Mrs. Gabel herself is sufficient to support the trial court's order. Her admissions amply sustain the burden of plaintiff to prove a cause of action against her, and that she was a resident of Potter County. Wilson v. Clarke Floor Machine Co. (Tex.Civ.App.) 380 S.W.2d 768. Davis v. Gilmore (Tex.Civ.App.) 244 S.W.2d 671 (Writ Ref.).

■ Appellant's contention there was insufficient evidence to prove a cause of action against appellant, the nonresident, is without merit. Appellee had no burden to prove a cause of action against the nonresident defendant under Subdivision 4. Stockyards National Bank v. Maples (supra). Smiser v. Petroleum Refining Co. (Tex.Civ.App.) 398 S.W.2d 177. The nonresident may be held if there is a joint cause of

action alleged or if the cause against a resident grows out of the same transaction and if so connected with the cause of action against the nonresident that the two should be joined in order to avoid a multiplicity of suits. Shell Oil Co. v. Greenburg (Tex.Civ.App.) 380 S.W.2d 758.

The pleadings alleged the merchandise was sold to the "defendants" at their special instance and request; that they thereby became bound to pay appellee for said merchandise; and that in spite of repeated requests the defendants have not paid the sum of money due and owing. Since appellee proved a cause of action against the resident defendant and the pleadings assert a joint cause of action against appellant, the nonresident, the trial court properly overruled appellant's plea of privilege.

The judgment of the trial court is affirmed.