George I. McLEMORE et al., Appellant,

v.

STAR FINANCE COMPANY et al.,
Appellees.

No. 17112.

Court of Civil Appeals of Texas.

Dallas.

July 26, 1968.

**914** ■ 

———◆———

Lorin Boswell, Jr., of Irby & McConnico, Fort Worth, for appellant.

Donald W. Keck, of Fritz & Vinson, Dallas, Royal Hart, San Angelo, for appellees.

DIXON, Chief Justice.

This is a venue case.

The parties will be designated as they were in the trial court.

Plaintiff George I. McLemore filed suit against several loan companies from whom over a period of time he had borrowed small sums of money. He alleged that each of the companies had been guilty of violations of Art. 6165b, Vernon's Ann.Civ.St., and also had been guilty of making unreasonable collection efforts causing physical injuries to his wife and himself for which he asked actual damages in the amount of $10,000 and exemplary damages in the amount of $5,000.

Six of the defendants filed pleas of privilege. Plaintiff filed controverting pleas alleging that venue properly lay in Dallas County, Texas, under Subdivisions 4, 9a, 23 and 29a of Art. 1995, V.A.C.S.

The trial court overruled all the pleas of privilege except two. The pleas of Athlee Wayne Henson doing business as Star Finance Company and L. D. Whittle doing business as San Angelo Finance Company were sustained. Both of these defendants are residents of San Angelo, Tom Green County, Texas. The court then severed the causes of action against Henson and Whittle and directed that said causes be transferred to Tom Green County for trial.

Plaintiff and one of the defendants contend that it was error for the court to sever the causes of action against the Tom Green County defendants from the actions against the other defendants. We agree.

■ The pleadings and facts in this case are in many respects similar to those in Riley v. Industrial Finance Service Co., et al, 157 Tex. 306, 302 S.W.2d 652 (1957). In the above case our Supreme Court stated that it was impossible to separate the damages suffered by plaintiffs caused by unreasonable collection efforts so as to properly allocate a part of the damages to one or more defendants. Plaintiffs had suffered one indivisible injury. It was held that the court on a retrial of the case, should set aside the order of severance and try plaintiffs' cause against all defendants in one and the same trial. We so hold in this case.

■ We agree with plaintiff that venue properly lies in Dallas County as to all defendants under Subdivision 4 of Art. 1995, V.A.C.S. Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300 (1936) (Tex. Comm'n App. opinion adopted). In the above cited case it was held that when a plaintiff pleads a joint cause of action against two or more defendants, one of whom resides in the county where suit is brought, venue will lie in said county as to all defendants if (1) plaintiff pleads and proves a cause of action against the resident defendant and (2) the pleadings show that plaintiff brought a joint action against all the defendants; (3) or when the pleadings show that the cause of action against the resident is so intimately connected with that brought against the nonresidents the two may be joined together to prevent a multiplicity of suits. See also Gabel v. Blackburn Operating Corp., 415 S.W.2d 726 (Tex.Civ.App., Amarillo 1967, no writ).

Examination of plaintiff's petition discloses that he alleged a joint cause of action against the defendants for damages caused by their unreasonable collection efforts.

One of the defendants in this case, American Plan Company of Dallas, Inc., is for venue purposes a resident of Dallas County. Its main office is in Dallas County. It does business only in Dallas County. It has a registered office and agent in Dallas County. Ward v. Fairway Operating Co., 364 S.W.2d 194 (Tex.Sup.1963). Without detailing the testimony and the exhibits introduced in evidence we shall simply say that plaintiff proved his case against American Plan Company of Dallas, Inc. of unreasonable collection efforts causing injury to plaintiff. Plaintiff's first point on appeal is sustained.

In his second point of error plaintiff asserts that venue lies in Dallas County under Subdivision 9a of Art. 1995, V.A.C.S. To come within the terms of this subdivision the burden was on plaintiff to plead and prove that (1) an act of negligence occurred in the county where suit was filed, (2) such act was that of the defendant or his agent in the scope of his employment and (3) such negligence was a proximate cause of plaintiff's injuries.

█ Plaintiff lived in Tom Green County prior to moving to Dallas County. He testified that the Tom Green County defendants were guilty of unreasonable and negligent collection efforts in Dallas County. Plaintiff, of course, was an interested party. Evidently his testimony failed to convince the trial judge that the plaintiff had fulfilled all of the above requirements under Subdivision 9a. No findings of fact were filed. We must presume that the judge made implied findings necessary to support the judgment. Plaintiff's second point is overruled.

█ In another point plaintiff seeks to invoke Subdivision 29a to retain venue in Dallas County. This subdivision of the venue statute does not apply to suits in which one of the defendants resides in the county where the suit is filed. It is applicable only to suits brought in a county where no defendant resides, but where venue is lawfully maintainable under some

exception to the venue statute. Even then it is applicable only if the other defendants are necessary parties. Houseman v. Mahin, 390 S.W.2d 732, 734 (Tex.Sup.1965); Tarrant v. Walker, 140 Tex. 249, 166 S.W.2d 900 (1943); Garrett's Estate v. Gay, 392 S.W.2d 565, 567–568 (Tex.Civ.App., Tyler 1965). It is undisputed that one of the defendants sued in this action does reside in Dallas County. Plaintiff's point is overruled.

There is some confusion in the record in regard to one defendant. Plaintiff in his petition names as a defendant "Consumers Credit Corporation," whose address is alleged to be 106 South Austin Street, Dallas, Dallas County, Texas. The return of the Dallas County Sheriff shows that citation was served on the above named defendant at the above named address. "Consumer Credit Corporation," did not file an answer —at least not under that exact name.

However a plea of privilege and subject to such plea, an answer to the merits was filed by "Consumer Credit Corporation of Texas, doing business as Consumer Credit Corporation," which company alleges its principal office and address to be in Fort Worth, Tarrant County, Texas. The Fort Worth company in both its plea of privilege and its answer refers to itself as "Defendant in the above styled and numbered cause."

In answer to requests for admissions the Fort Worth company through its manager denied that it had an office at 106 South Austin Street in Dallas and admitted that the Dallas company is "an individual corporation in itself." However it admitted that "Defendant made transactions with plaintiff on or about February 24, 1966 and on or about March 15, 1966" and that it "identified itself as lender in transactions" with plaintiff "by using the name 'Consumer Credit Corporation,' 106 South Austin Street, Dallas, Texas" on notes of the above dates.

Frank Tyrkee, manager of the Fort Worth company, testified that apparently

his company had been "used" in making loans to plaintiff, though he was not familiar with said loans.

Plaintiff testified that he had dealings with the Dallas company on South Austin Street in Dallas and that he borrowed no money from any company in Fort Worth. In his brief as an appellee plaintiff says that he sued the Dallas corporation (which didn't answer) and that the Fort Worth company (which did answer) is a mere volunteer in this suit.

The Fort Worth company did not file a plea in abatement or in bar, or a plea of misjoinder of parties or a plea of misnomer or any plea alleging that plaintiff had sued the wrong party.

However on the day this appeal was submitted, July 12, 1968, the Fort Worth company filed a motion asking us to reverse the trial court's order overruling its plea of privilege. As grounds it alleged that plaintiff in his reply brief had admitted that he had not sued the Fort Worth company.

■ We overrule the motion. By filing an original and an amended plea of privilege followed by an answer to the merits the Fort Worth company submitted itself to the jurisdiction of the Dallas court to determine its plea of privilege and if that plea should be overruled, to determine its pleas to the merits. Davis v. Battles, 143 Tex. 378, 186 S.W.2d 60 (1945); Atchison T. & S. F. Ry. Co. v. Stevens, 109 Tex. 262, 206 S.W. 921 (1918).

Consumer Credit Corporation of Texas, doing business as Consumer Credit Corporation (the Fort Worth company) appears in this appeal as an appellant and also as an appellee. It has filed a brief in each capacity. In its second point as appellant it says, "The Trial Court erroneously overruled the Plea of Privilege filed by *Consumer Credit Corporation* because * * *." (Emphasis ours.)

■ But in neither of its briefs does it pray that the cause of action as to Consumer Credit Corporation of Texas, doing business as Consumer Credit Corporation be transferred to Tarrant County for trial. In both of its briefs it prays that the whole cause of action as to all defendants be transferred to Tom Green County for trial. As we see it this had the effect of abandoning its plea of privilege seeking to transfer the cause as to it to Tarrant County, Texas.

In view of the fact that Consumer Credit Corporation of Texas doing business as Consumer Credit Corporation answered as defendant and admitted that it had transactions with plaintiff as Consumer Credit Corporation at 106 South Austin Street, Dallas, Texas, there appears to be a question of misnomer involved in this case. St. Louis, B. & M. Ry. Co. of Texas v. Dallas Cooperage & Woodenware Co., 268 S.W. 769 (Tex.Civ.App., Dallas 1925, no writ); Mecca Fire Ins. Co. of Waco v. First State Bank of Hamlin, 135 S.W. 1083 (Tex.Civ.App., 1911, writ dism'd); McCord-Collins Co. v. Prichard, 37 Tex.Civ. App. 418, 84 S.W. 388 (1904, writ ref'd); McGhee v. Romatka, 92 Tex. 38, 45 S.W. 552 (1898). This question can doubtless be worked out at a trial on the merits. We are of the opinion that the trial court was correct in overruling the plea of privilege of Consumer Credit Corporation of Texas, doing business as Consumer Credit Corporation.

The judgment is reversed insofar as the pleas of privilege of Athlee Wayne Henson and L. D. Whittle were sustained by the trial court and the plaintiff's causes of action against said defendants were severed; and judgment is here rendered directing the trial court to set aside the order of severance and to overrule the pleas of privilege of said defendants. The judgment in other respects is affirmed.

Reversed and rendered in part and affirmed in part.