**NATIONAL SURETY CORPORATION,**
Appellant,

v.

**James A. MOORE et al., Appellees.**

No. 17432.

Court of Civil Appeals of Texas,
Dallas.

May 8, 1970.

Rehearing Denied June 5, 1970.

James A. Knox, Charles J. McGuire, Akin, Vial, Hamilton, Koch & Tubb, Dallas, for appellant.

Gordon H. Rowe, Jr., Gardere, Porter & DeHay, Dallas, for appellees.

DIXON, Chief Justice.

This is an appeal from an order sustaining a plea of privilege. The parties will be designated as they were in the trial court.

National Surety Corporation, plaintiff, assignee of First National Bank in Dallas, sued defendants M. Keith Cox, Clifton S. Harrison, and James A. Moore.

Moore filed a plea of privilege seeking to have the cause as to him transferred to Harris County, the county of his residence. The Surety Corporation filed a controverting plea, alleging that venue as to Moore properly lies in Dallas County under subdivisions 4 and 9 of Art. 1995, Vernon's Ann.Civ.St. of Texas.

Cox filed an answer, counterclaim and cross-action and made the First National Bank a third party defendant against whom he asks judgment in the event the Surety Corporation recovers judgment against him. He also asks judgment against the Bank and the Surety Corporation for damages for defamation, libel and slander, and in the alternative against Moore and Harrison "in such amount as proof may make evident." linordreCou nololfssBtMoe rvs H etuiH:

*Undisputed Facts*

It is undisputed that on January 10, 1967 First National Bank discovered that Clifton Harrison, one of its loan officers, had been guilty of defalcations in the amount of $21,751.86.

On January 18, 1967 Harrison was discharged as an employee of First National Bank.

The above amount was thereafter paid to First National Bank by National Surety Corporation pursuant to the terms of a Bankers Blanket Bond insuring the Bank against loss caused by the dishonesty of any of its employees. On September 26, 1967 the Bank assigned to the Surety Corporation all causes of action, of whatever nature, it might have against M. Keith Cox, James A. Moore and Clifton Harrison.

Keith Cox, a practicing dentist, and Clifton Harrison, the former loan officer, are residents of Dallas County, Texas.

Cox was a customer of First National Bank. Over a period of time he had obtained loans from the Bank through Harrison, one of the Bank's loan officers. On January 10, 1967 he was indebted to the Bank in the amount of $15,141.68 on three notes. He had pledged with the Bank debentures of University Computing Company in the face amount of $6,000.

On January 10, 1967 the University Computing debentures were released to Harrison by the Bank's Collateral Division of the Loan Discount Department. This was not an unusual procedure. It is a normal procedure when the collateral a loan officer is asking for is in the file of a customer the officer is servicing or loaning money to.

Having thus gained possession of the debentures, Harrison on January 11, 1967 went to Dr. Cox's office and prevailed on Cox to endorse the instruments in blank.

Then Harrison took the debentures to the Bank of Dallas, where on January 11, 1967 he pledged them as security for a $4,000 loan, not to Cox, but to himself, Harrison. Bank of Dallas was already carrying loans of Harrison's secured by a mortgage on an automobile and other collateral.

On January 20, 1967 attorney Moore appears on the scene for the first time, representing Harrison. Moore had found that Harrison had opened an account under a fictitious name at the Republic National Bank for $4,000 of which $3,862.29 was still in the account. Moore talked to Roy Lambert, Auditor of First National Bank, and obtained Lambert's consent to draw out the money in the Republic National Bank. Using a check signed by Harrison, Moore drew the $3,862.29 out of the account, and obtained a cashier's check which he turned over to Lambert at First National Bank. This money was credited by the Bank to the account of Cox.

Meantime Moore had also been employed as attorney for Cox. He contacted Bank of Dallas with reference to obtaining a release of certain collateral held by the Bank of Dallas to secure Harrison's account. Moore was informed that the Bank of Dallas would not release any of Harrison's collateral unless the Bank could sell its "entire position" in regard to Harrison. Moore returned to Houston and made arrangements with Chemical National Bank to lend him enough money to purchase the "entire position" in regard to Harrison. On January 31, 1967 James Mason, a Senior Vice-President of Bank of Dallas, went to Houston, where he sold Harrison's collateral and notes to Moore (through the Chemical Bank) for enough to pay all of Harrison's debts, leaving a small excess. This excess of $1,500 was credited to Harrison's account by Moore as an attorney's fee.

Appellant Surety Corporation in its brief and supplemental brief presents six points of error in substance as follows: (1) the evidence established each and every venue fact required under subdivision 4 of Art. 1995, V.A.C.S., and (2) under subdivision 9, (3) as a matter of law; (4) any negative finding is so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong; (5) the evidence established as a matter of law every venue fact required under subdivision 9 and (6) any negative finding in regard to said subdivision is so against the overwhelming weight and preponderance of the evidence as to be clearly wrong.

■ In reaching a decision we must bear in mind that the court sustained Moore's plea of privilege. The general rule is that in the absence of findings of fact it will be presumed that the court made such implied findings as may be necessary to support the court's judgment if there is evidence sufficient to support such findings. Bishop v. Bishop, 359 S.W.2d 869, 871 (Tex.Sup. 1962); Seaman v. Seaman, 425 S.W.2d 339, 341 (Tex.Sup.1968); Fuentes v. Howard, 423 S.W.2d 420, 425 (Tex.Civ.App., El Paso 1967, writ dism'd). The rule is applicable in venue cases. Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97 (1953); Lynch v. Millican, 304 S.W.2d 410 (Tex.Civ.App., Waco 1957, no writ).

*In Re Subdivision 4*

Subdivision 4 of Art. 1995, V.A.C.S., provides that if two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides.

■ By judicial interpretation it is the law of this state that in order to come within the provisions of subdivision 4 a plaintiff must (1) *plead and prove* a cause of action against a resident defendant and (2) must *plead* a joint cause of action against the resident defendant and the non-resident defendant, or (3) must by his pleading allege that the cause of action against the resident defendant is so intimately connected with that brought against the non-resident defendant that venue should be retained in the county of suit against both defendants in order to avoid a multiplicity of suits. Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300 (Tex.Comm'n App.1936, opinion adopted by S.Ct.); McCollum v. Merchants Factors Corp. of Texas, 358 S.W.2d 183 (Tex.Civ.App., Dallas 1962, no writ); Gabel v. Blackburn Operating Corporation, 415 S.W.2d 726 (Tex.Civ.App., Amarillo 1967, no writ); McLemore et al. v. Star Finance Co., 430 S.W.2d 913 (Tex.Civ.App., Dallas 1968, no writ).

■ Plaintiff Surety Corporation undoubtedly proved a cause of action against defendant Harrison, the defaulting loan officer of First National Bank, and a resident of Dallas County. But as we view plaintiff's pleadings, the Surety Corporation did not plead as to Moore, the non-resident defendant, either a joint cause of action in regard to Harrison's conversion of the debentures on January 10, 1967, or a cause so intimately connected with Harrison's

said conversion as to retain Moore as a party defendant in Dallas. So far as the record shows under the pleadings and evidence Moore's first appearance on the scene was on January 20, 1967 when he conferred with Roy Lambert, Auditor of First National Bank.

Plaintiff Surety Corporation also pleaded that another act of conversion was the sale on January 31, 1967 of the debentures to Moore, the Houston lawyer. Plaintiff pleads that there was a conspiracy between Harrison, Cox and Moore to accomplish this second act of conversion. Harrison did not testify either in person, or by deposition. Cox testified that he signed the debentures in blank at the behest of Harrison, the Bank's loan officer, who had been handling his loans for some time and whom he trusted. He says Harrison told him his indebtedness to First National Bank had become too heavy and it would be necessary to refinance part of the indebtedness. Harrison further told him he could arrange the refinancing at the Bank of Dallas if Cox would endorse the debentures in blank. Cox says he believed Harrison and endorsed the debentures in good faith. He testified that he did not know until later that Harrison had used the debentures as pledges for a loan to himself. Cox further testified that he did not know until much later of the sale of the debentures by Bank of Dallas to Moore. Plaintiff calls Cox's testimony unbelievable. But the trial court obviously did believe it. And the court's order sustaining Moore's plea of privilege indicates that the court accepted the pertinent testimony as true and found that plaintiff failed to plead *and prove* a cause of action of conspiracy as to either Harrison or Cox, the resident defendants, in regard to the alleged *second conversion, the sale of the* debentures to Moore.

*In Re Subdivision 9*

■ Appellant Surety Corporation seeks to invoke subdivision 9 on the grounds of trespass committed in Dallas County. Appellant contends that by purchasing the debentures from Bank of Dallas Moore was guilty of conversion, which under the venue law is a trespass. But there is evidence that the conversion, if it was a conversion, was committed in Harris County. James F. Mason, an officer of the Bank of Dallas, testified that he made a trip to Houston, Texas, taking the debentures along in order to sell them, but that he did not know at that time to whom the debentures would be sold, or that the debentures had been wrongfully taken from First National Bank. There is evidence that the sale was made in Houston through the Chemical National Bank, not in Dallas County. By sustaining Moore's plea of privilege the trial court plainly accepted such evidence and found by implication that the alleged trespass did not take place in Dallas County. That being so appellant was not entitled to maintain venue in Dallas County as to Moore, the non-resident, under subdivision 9, of Art. 1995, V.A.C.S.

All of plaintiff's points of error are overruled.

The judgment of the trial court is affirmed.