**H. MOLSEN & CO., INC., Appellant,**

**v.**

**Howard T. WILLIAMSON, Appellee.**

**No. 18337.**

Court of Civil Appeals of Texas, Dallas.

May 30, 1974.

Thomas A. Blakeley, Jr., Grady, Johnson, Smith & Blakeley, Dallas, for appellant.

G. C. Harris, Greenville, for appellee.

CLAUDE WILLIAMS, Chief Justice.

This is an appeal by H. Molsen & Co., Inc., (hereinafter called Molsen) from an order overruling its plea of privilege. The parties will be referred to as they appeared in the trial court.

In the latter part of 1972 Howard T. Williamson and Marshal Wayne Burton entered into an oral agreement in which Burton leased a farm owned by Williamson and located in Hunt County. By the terms of this lease it was provided that Burton was to pay Williamson one-fourth of the cotton grown and harvested on the land in question during the 1973–1974 crop season. In March 1973, before the crops were planted, Burton signed a written contract with Molsen for a "forward sale" of the cotton produced by Burton on Williamson's land in the 1973 crop season. The contract expressly recited that Burton had the sole authority to sell Williamson's share of the crop as well as his own. The material distinction between a "forward sale," as employed here, and a sale after harvest is that in the first instance the agreed price is established at a time prior to harvest. Williamson was not a party to the contract with Molsen and testified that he did not expressly or impliedly authorize his tenant Burton to contract for the sale of the landlord's portion of the cotton crop. Williamson also testified that there was an "understanding" or "custom" for the tenant to obtain the landlord's permission before selling the crops, and that frequently during the past twenty years the tenants on his land had sold the crops and paid the rent in cash rather than in kind. In this case, however, he said that he had never agreed with Burton to sell his interest in the cotton to be produced in 1973 at an agreed advance price.

Williamson brought this action in the district court of Hunt County against his tenant Burton, a resident of Hunt County, and Molsen, a resident of Dallas County. In his petition plaintiff recited the making of the contract between Burton and Molsen which he claimed was made without his permission and consent, and sought a declaratory judgment that the contract was ineffective and not binding upon him. Plaintiff also asked for damages against Molsen by reason of the making of the contract, and injunctive relief against Burton, the tenant, pending the determination of the litigation.

Molsen filed his plea of privilege to be sued in Dallas County, the place of its residence.

Molsen also filed its original answer, expressly subject to its plea of privilege, and simultaneously filed its "cross-action" against Williamson seeking damages in the event the contract between it and the ten-

ant be held ineffective. In due time Williamson filed his controverting plea in which he alleged facts seeking to sustain venue of the case in Hunt County pursuant to various exceptions of Tex.Rev.Civ.Stat. Ann. art. 1995 (Vernon 1964). Following a hearing the trial court overruled the plea of privilege and Molsen appeals.

At the request of Molsen the trial court made findings of fact and conclusions of law in which it was found that Williamson had a valid claim or cause of action against Burton and that the defendant Molsen was a necessary and proper party to the action.

At the outset we are confronted with Williamson's counterpoint which contends that Molsen had waived its plea of privilege. Williamson argues that Molsen waived its plea because it filed its "cross-action" (which was really in the nature of a counterclaim), which failed to recite that such instrument was filed subject to the plea of privilege. The record reveals that Molsen, after filing his plea of privilege, filed its original answer in which it was expressly stated that such answer was being filed subject to the court's action on the plea of privilege. On the same day Molsen filed its additional pleading which did not contain the same recitation. However, Williamson does not contend, and the record does not demonstrate, that Molsen sought judicial disposal of the counterclaim prior to the hearing on the plea of privilege.

■ We hold that there was no waiver. It is well established that the plea of privilege will be waived only in the event that the defendant, prior to the disposition of the plea, obtains judicial disposal of some other action invoking the court's general jurisdiction. 1 R. McDonald, Texas Civil Practice § 4.40 at 570–72 (1965). An answer or counterclaim filed subsequently to the plea of privilege which neglects to state that it is subject to the plea does not constitute waiver of the plea especially where such instrument does not invoke the court's general jurisdiction prior to the disposition of the plea. Hickman v. Swain, 106 Tex. 431, 167 S.W. 209, 210 (1914).

The plea of privilege was properly before the trial court, so we now reach the question whether venue was sustainable in the county of suit under any one of the exceptions to the venue statute. Tex.Rev. Civ.Stat.Ann. art. 1995 (Vernon 1964). While Williamson, in his controverting plea, invoked subdivisions 9, 9a, 10 and 29a of the venue statute, we find no facts in this record to justify the applicability of any of the subdivisions mentioned.

■ Williamson did allege in his controverting plea facts which would invoke the provisions of subdivision 4 of the venue statute which provides:

If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides. . . .

It is the settled law of this state that in order to establish venue under subdivision 4, the plaintiff (1) must prove that one defendant resides in the county of suit; (2) must have alleged in his petition a joint cause of action against the resident and nonresident defendants, or a cause of action against the resident defendant so intimately connected with the cause of action alleged against the nonresident defendant that the two may be joined together under the rule intended to avoid a multiplicity of suits; and (3) must plead and prove that he has in fact a cause of action against the resident defendant. Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300 (1936); National Surety Corp. v. Moore, 455 S.W.2d 362 (Tex.Civ.App.—Dallas 1970, no writ); McLemore v. Star Finance Co., 430 S.W.2d 913 (Tex.Civ.App.—Dallas 1968, no writ); McCollum v. Merchants Factors Corp., 358 S.W.2d 183 (Tex.Civ. App.—Dallas 1962, no writ).

■ It is also settled that under subdivision 4 suit may be maintained in the county of the domicile of one defendant against

all other defendants not domiciled there who are proper parties. Henderson Grain Co. v. Russ, 122 Tex. 620, 64 S.W.2d 347 (Tex.Comm'n App. 1933, opinion adopted); McDonald, *supra*, § 4.10.1. In State Farm Mutual Automobile Ins. Co. v. White, 461 S.W.2d 476 (Tex.Civ.App.—Tyler 1970, no writ), the court said that a defendant is a proper party under exception 4 where the plaintiff's petition shows that the cause of action against the resident defendant and the nonresident defendant grows out of the same transaction, or a series of closely related transactions, and are so intimately connected that they should be joined to avoid a multiplicity of suits.

■ Our question, therefore, is whether Williamson has sustained his burden of complying with these well-established rules of law so as to justify the application of subdivision 4. We hold that the record demonstrates a fulfillment of the requirements of subdivision 4 and therefore the trial court correctly overruled the plea of privilege.

It is conceded that Burton, one of the defendants in the trial court, was a resident of Hunt County. It is also apparent from a review of Williamson's original petition against Burton and Molsen that he primarily seeks a declaratory judgment involving a written contract entered into between Molsen and Burton. The petition also seeks relief in the form of a temporary injunction against Burton restraining him from complying with the contract until it has been judicially examined by the trial court. In this state of the record Williamson adduced proof at the venue hearing concerning the contract, which was introduced in evidence, and also concerning the fact that Burton had not obtained the consent of Williamson prior to entering into the contract with Molsen. There is also evidence of custom and usage concerning rental of farmlands which prohibited tenants from selling crops produced on the lands without first obtaining the consent of the landlord. It is evident to us that Williamson met his burden to establish his cause of action against the tenant Burton by introducing sufficient evidence both as to the declaratory relief and to the injunctive relief sought.

■ Molsen contends that there was no evidence to support the trial court's finding that it was a necessary and proper party to the suit. We disagree. It was only necessary for Williamson to allege in his petition a joint cause of action against a resident and nonresident defendant or a cause of action against the resident defendant so intimately connected with the cause alleged against the nonresident defendant that the two may be joined under the rule intended to avoid a multiplicity of suits. There is no question but that Molsen was a necessary and proper party to Williamson's suit seeking declaratory judgment of a contract which had been entered into between Molsen and Burton. Tex.Rev.Civ.Stat.Ann. art. 2524-1 § 11 (Vernon 1965); Crickmer v. King, 507 S.W.2d 314, 317 (Tex.Civ. App.—Texarkana 1974, no writ).

We hold that Williamson properly pled a cause of action against both Molsen and Burton; that the cause of action against Molsen was a joint cause of action against Burton and Molsen; that the cause of action alleged against Molsen is so intimately connected with the cause of action alleged against Burton as to bring it within the rule of *Stockyards, supra*, and that the cause of action against Burton was established by the evidence at the venue hearing. Consequently, we hold that Williamson has completely satisfied the requirements of the law so as to apply the provision of subdivision 4 of article 1995.

The judgment of the trial court is affirmed.