**Alberto Garcia GONZALES, Appellant,**

v.

**George BLAKE et al., Appellees.**

**No. 17695.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

June 26, 1980.

Rehearing Denied Aug. 7, 1980.

Fulbright & Jaworski, Susan M. Townsend, Houston, for appellant.

Fisher, Roch & Gallagher, Craig Lewis, Houston, for appellees.

Before COLEMAN, C. J., and WARREN and DOYLE, JJ.

COLEMAN, Chief Justice.

This is an appeal from an order overruling the plea of privilege filed by Alberto Garcia Gonzales. George Blake and Connie Blake brought this action against Johnnie L. Rawlings, L. B. Doss, and Alberto Gonzales. The petition, filed in Harris County, seeks damages allegedly sustained as a result of an automobile accident which occurred in Hidalgo County involving the parties.

Doss and Rawlings answered by general denial. Gonzales filed his plea of privilege seeking to transfer the cause to Hidalgo County, and, subject to the plea of privilege, his answer on the merits. The plea of privilege was properly controverted.

Thereafter Doss and Rawlings filed a cross–claim against Gonzales seeking "complete indemnity and/or contribution" from Gonzales in the event that Rawlings and Doss are found liable to the plaintiffs. Gonzales answered the cross–claim by general denial, but failed to file a plea of privilege or to make the answer subject to the plea of privilege previously filed.

After a hearing the trial court overruled the plea of privilege. No findings of fact or conclusions of law were filed.

In their controverting plea the plaintiffs rely on Subdivision 3 of Article 1995, V.A. C.S., in conjunction with Subdivision 29a of said Article.

Subdivision 3 provides that if one or all of several defendants reside without the state the suit may be brought in the county in which the plaintiff resides. The plaintiffs allege that the defendants Rawlings and Doss were residents of the State of Oklahoma. Rawlings and Doss filed answers without asserting any plea of privilege and in answer to request for admissions admitted that they were nonresidents of the State of Texas.

The plaintiffs then assert that venue in Harris County is proper as to Gonzales under Section 29a of Article 1995, which provides that whenever there are two or more defendants in any suit and such suit is lawfully maintainable in the county where brought as to any one of the defendants, then the suit may be maintained in such county against any and all "necessary parties" thereto.

The only evidence offered by the plaintiff to show that Doss and Rawlings were not residents of the State of Texas was the answers to plaintiffs' request for admissions propounded to Rawlings and Doss but not to Gonzales.

Answers to a request for admissions may only be used against the party making the admissions. Even though the admissions were admitted into evidence, they constituted hearsay as to Gonzales. Insofar as Gonzales is concerned there was no evidence that Rawlings and Doss were not residents of the State of Texas. *Bryant v. Kimmons*, 430 S.W.2d 73 (Tex.Civ.App.–Austin 1968, no writ); *Davis v. Coastal States Petrochemical Company*, 405 S.W.2d 854 (Tex. Civ.App. Houston 1966, no writ).

It was necessary that the plaintiffs plead and prove that the suit is lawfully maintainable in Harris County as to Rawlings or Doss and that Gonzales is a necessary party thereto before the suit against Gonzales could be maintained in Harris County. The plaintiffs have failed to prove that the venue of the suit as to Rawlings and Doss is in Harris County. Neither does it appear that Gonzales is a necessary party to the suit. *Leonard v. Abbott*, 366 S.W.2d 925 (Tex.1963); *Ladner v. Reliance Corporation*, 156 Tex. 158, 293 S.W.2d 758 (1956).

The plaintiffs also assert that the District Court of Harris County has venue of the cause of action and of the person of the defendant Gonzales pursuant to Subdivision 30 of Article 1995 taken in conjunction with Article 2212a of the Tex.Rev.Civ.Stat.

Subdivision 30 provides that whenever in any law authorizing any particular character of action the venue is expressly prescribed, the suit shall be commenced in the county to which jurisdiction may be so expressly given. Article 2212a

§ 2(g) provides that all claims for contribution between named defendants in the primary suit shall be determined in the primary suit. This provision of Article 2212a speaks to the venue of claims for contribution and does not control the venue as to the various parties in the primary action. *Southwestern Engineering Company v. Phillips Pipe Line Company*, 566 S.W.2d 30 (Tex.Civ.App.–Beaumont 1978, no writ); *LaSorsa v. Burr*, 516 S.W.2d 265 (Tex.Civ.App.–Houston [14th Dist.] 1974, no writ). Venue of a claim for indemnity which is asserted in conjunction with a claim for contribution is also properly lodged pursuant to Article 2212a § 2(g) in the county where the court hearing the primary suit is situated. *Southwestern Engineering Company v. Phillips Pipe Line Company*, supra; *Winningham v. Connor*, 552 S.W.2d 579 (Tex.Civ.App.–Tyler 1977, no writ).

■ Article 2212a § 2(g) concerns claims for contribution between named "defendants" in the primary suit, but it does not define the term "primary suit". Is Gonzales a named defendant in the suit in Harris County if the suit as to him is transferred to Hidalgo County, the county of his residence? Since the cross–claim filed by Rawlings and Doss will not require adjudication unless the plaintiffs recover judgment against them, is the cause of action asserted by the plaintiffs against Rawlings and Doss in Harris County the "primary suit" as that term is used in Article 2212a?

Reason dictates that the second question be answered in the affirmative. It was the intention of the legislature that the cross–claims between named defendants shall be determined in "the primary suit". This is not the same as a law establishing venue in the county of the primary suit. The direction is that the claims for contribution be determined in the same suit in which the liability of the various defendants to the plaintiff is determined. Since in this case the claim for contribution on the part of Doss and Rawlings against Gonzales cannot be determined until the liability of Doss and Rawlings to answer in damages to the Blakes has been determined, the primary suit must be considered to be the one in which such a judgment can be rendered. Therefore, the primary suit in this case is pending in Harris County, Texas.

■ Whether Gonzales' plea of privilege is sustained or not cannot determine the court in which the cross–claim for contribution and indemnity will be heard. Article 2212a, § 2(a)(1) provides that a "claimant" means any party seeking relief, whether he is a plaintiff, counter–claimant, or cross–claimant. Paragraph (2) of Section 2(a) provides that a "defendant" includes any party from whom a claimant seeks relief. In view of these definitions we conclude that even though the plea of privilege filed by Gonzales should be sustained and the cause of action asserted against him should be removed from Harris County, Gonzales remains a "named defendant" in the "primary suit" on file in Harris County and, therefore, subject to provisions of paragraph (g) of Section 2, Article 2212a, V.A.C.S.

The Blakes also contend that the trial court's judgment should be sustained because Gonzales waived his plea of privilege by filing an answer to the cross–action of Rawlings and Doss without first filing another plea of privilege to the cross–actions.

■ The matter of venue is a personal privilege, and any party to a lawsuit may expressly or impliedly waive rights conferred upon him by a venue statute. *O'Neal v. Texas Bank and Trust Company of Sweetwater*, 118 Tex. 133, 11 S.W.2d 791 (1929). A plea of privilege may be waived by failure to follow the due order of pleading. *Crosby v. Heldt Bros. Trucks*, 394 S.W.2d 235 (Tex.Civ.App.–San Antonio 1965, no writ). An implied waiver of a plea of privilege will also occur when a party, often inadvertently, takes some action which is inconsistent with his action on the venue issue. *Buzzini Drilling Company v. Fuselier*, 562 S.W.2d 878 (Tex.Civ.App.–Houston [1st Dist.] 1978, no writ).

■ An inconsistent action resulting in a waiver is one by which the party invokes the general jurisdiction of the trial court

without reservation of the rights asserted in the plea of privilege. *Perone v. Texas Department of Corrections,* 583 S.W.2d 880 (Tex.Civ.App.–Tyler 1979, writ dism'd). The test to be applied is whether the party invoked the action of the trial court without first insisting on his plea of privilege. *H. Molsen & Co., Inc. v. Williamson,* 510 S.W.2d 366 (Tex.Civ.App.–Dallas 1974, no writ).

The fact that an answer or counter-claim is filed subsequent to a plea of privilege and does not state that it is filed subject to the plea does not result in waiver of the plea of privilege as a matter of law, especially where such instrument does not invoke the court's general jurisdiction prior to disposition of the plea. *Hickman v. Swain,* 106 Tex. 431, 167 S.W. 209 (1914); *H. Molsen & Co., Inc. v. Williamson,* supra; *Edgar v. Bartex,* 507 S.W.2d 831 (Tex.Civ. App.–Corpus Christi 1974, writ dism'd).

The appellant Gonzales has not waived the plea of privilege which he filed in answer to the petition of George Blake and Connie Blake.

The judgment denying Gonzales' plea of privilege is reversed. Judgment is here rendered that the cause of action asserted by George Blake and Connie Blake against Alberto Garcia Gonzales be transferred to the District Court of Hidalgo County, Texas. The cross–claim filed by Doss and Rawlings against Gonzales seeking indemnity or contribution will not be transferred to Hidalgo County, Texas.