LANE WOOD, INC., et al., Appellant,

v.

GRAYCO MOBILE HOMES,
INC., Appellee.

No. A14–83–607CV.

Court of Appeals of Texas,
Houston (14th Dist.).

April 5, 1984.

Roger F. Claxton, Kilgore & Kilgore,
Dallas, for appellant.

Eric D. Nielsen, Michael Carnahan,
Smith, Schulman, Rawitscher & Carnahan,
Houston, for appellee.

Before J. CURTISS BROWN, C.J., and
CANNON and DRAUGHN, JJ.

OPINION

CANNON, Justice.

This is an appeal from an order overruling pleas of privilege filed by appellants in response to appellee's third-party petition. Appellants raise one point of error challenging the soundness of appellee's controverting plea. We affirm.

On January 12, 1979, Jennifer Halliday, et al. (Halliday), plaintiffs in the primary suit, filed suit in Harris County against Lane Wood Industries, Inc. and Grayco Mobile Homes, Inc. (Grayco) seeking damages under the Texas Wrongful Death Act. On May 10, 1983, defendant Grayco filed its Original Third-Party Petition against Lane Wood, Inc., et al., (Lane Wood), alleging that Lane Wood Industries, Inc. was merely the alter ego of third-party defendants. Grayco sought indemnity and, alternatively, contribution under Tex.Rev.Civ.Stat. Ann. art. 2212, and/or art. 2212a. On August 3, 1983, third-party defendants Lane Wood, responded by filing pleas of privilege to be sued in Dallas County, the county of their residence. Then, on August 5, 1983, third-party plaintiff Grayco filed its controverting pleas claiming the venue of the primary suit, Harris County, as the proper venue for its third-party claim, under Article 2212a and, alternatively, under Article 1995, subdivisions 4, 9a, 23, and 31. Lane Wood then filed special exceptions to the controverting pleas on August 16, 1983. After a hearing, the trial court overruled Lane Wood's special exceptions and pleas of privilege on August 23, 1983.

Appellants contend that Grayco failed to establish Harris County as the proper venue under either subdivisions 4, 9a, 23, or 31 of Article 1995 or Article 2212a, § 2(g). Appellee has not joined issue with appellant regarding subdivisions 4, 9a, 23, or 31 of Article 1995; therefore, we will consider

the arguments of the parties only as they relate to Article 2212a, § 2(g).

Whenever in any law authorizing or regulating any particular character of action, the venue is expressly prescribed, *the suit shall be commenced in the county to which jurisdiction may be so expressly given.* Tex.Rev.Civ.Stat.Ann. art. 1995, § 30 (Vernon 1964). (Emphasis added).

Contribution claims are governed by Article 2212a which provides in pertinent part, that:

> *All claims for contribution between named defendants in the primary suit shall be determined in the primary suit,* except that a named defendant may proceed against a person not a party to the primary suit who has not effected a settlement with the claimant. Tex.Rev.Civ.Ann. art. 2212a, § 2(g) (Vernon Supp. 1982–1983). (Emphasis added).

This section of Article 2212a is a special mandatory venue provision. *UMC, Inc. v. Arthur Brothers, Inc.*, 626 S.W.2d 819 (Tex.App.—Corpus Christi 1981, writ ref'd n.r.e.). Clearly, under Article 2212a, venue of a claim for contribution, "between named defendants in the primary suit", is determined by venue of the primary suit.

We need determine only whether appellees have stated a claim for contribution and whether the parties are "named defendants in the primary suit."

 First, the record reflects that Grayco made claims for contribution under Article 2212a in its third-party petitions and in its controverting pleas. Appellants contend that Grayco failed to state such a claim "because the claim for contribution must be shown by specific sworn allegations of the essential facts necessary to establish the nature of the suit." This would require Grayco to admit liability to Halliday for the purpose of establishing venue, while defending against a finding of liability in the primary suit. We find such an interpretation of Article 2212a untenable. Grayco's claim for contribution alone is sufficient.

 Second, a third-party defendant (Lane Wood) becomes a "named defendant" when the claim for contribution is filed against him by the claimant (Grayco). *UMC, Inc. v. Arthur Brothers, Inc.* at 822. Grayco was a named defendant in Halliday's suit from which Grayco's cross-claim arises. Because the liability of Lane Wood to Grayco in the cross-action hinges upon Grayco's liability, if any, to Halliday, the "primary suit," for purposes of the cross-action, is that one pending against appellee Grayco by Halliday. *Id.*

The pleadings indicate that proper venue of the primary suit is Harris County. Both Halliday and Grayco are residents of Harris County. Furthermore, appellants have not disputed that venue of the primary suit is in Harris County.

For the foregoing reasons, we find that the trial judge committed no error; his rulings on the pleas of privilege and special exceptions were proper.

The judgment of the trial court is affirmed.