Ralph SINGLETON and Lorraine
Singleton, et al., Plaintiffs,

v.

NEW YORK UNDERWRITERS INSUR-
ANCE COMPANY, Defendant-Third
Party Plaintiff-Appellee,

v.

James H. WILLIAMS, Individually and
d/b/a Williams Wrecker Service, Inc.,
Third Party Defendant-Appellant.

No. 83-2410.

United States Court of Appeals,
Fifth Circuit.

Aug. 17, 1984.

Rehearing Denied Sept. 17, 1984.

Fenley & Perkins, Robert J. Choate, William D. Perkins, Lufkin, Tex., for third party defendant-appellant.

Orgain, Bell & Tucker, D. Allan Jones, Beaumont, Tex., for defendant-third party plaintiff-appellee.

Before RANDALL, TATE and WILLIAMS, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

We reverse the district court's judgment ordering James Williams and his wrecker service to pay $32,500.00 plus interest by way of contribution to New York Underwriters Insurance Company ("Underwriters"). Underwriters obtained a release of plaintiffs', Singletons', claim against it and at the same time obtained a release of the Singletons' claim against third party defendant Williams. Underwriters then sued Williams for contribution to the amount it had paid in settlement.

### I.

In 1975, a tractor trailer went off a bridge into the Angelina River in East Texas, and was carried downstream by the current four or five miles. Underwriters acquired the salvage rights by paying the insurance claim on the loss of the tractor trailer. In 1979, a boat collided with the sunken trailer. The U.S. Army Corps of Engineers then demanded that Underwriters remove the trailer. Underwriters contacted James Williams, d/b/a Williams Wrecker Service, to see if Williams could remove the trailer from the river. After surveying the site, Williams told Underwriters that he could do the job. Williams then removed from the river all of the pieces of the trailer he could find except one, a large flat piece he believed to be a side panel of the trailer. That piece was buried approximately four feet deep in the riverbed. He told Underwriters about that piece, and in response to a question said he did not think it would pose any threat to navigation if it were left. Underwriters then had Williams terminate the removal operation.

Almost two years later, Ralph and Lorraine Singleton suffered personal injuries and property damage when their boat hit the submerged rear doors and frame of the trailer near the site of the earlier collision. The Singletons sued Underwriters, who then joined Williams as a third party defendant. Underwriters sought indemnity or contribution from Williams.

Sometime after Underwriters brought Williams into the suit, Williams' attorney received two letters from the attorney for Underwriters. The letters indicated that Underwriters was about to settle with the Singletons, and that there would be a hearing on September 17, 1982, during which Underwriters would ask the court to find that the amount of the settlement was reasonable. The letters also indicated that at that hearing Underwriters would ask the court to sever its action against Williams so that Underwriters could later pursue its claim for contribution and/or indemnity. Williams' attorney did not answer the letters and did not attend the hearing. The court specifically found at that hearing that a $65,000.00 settlement was fair and reasonable, and severed the third party action.

The third party action for contribution was later tried in a bench trial by the same judge who had approved the settlement and severed the case. At that proceeding the court decided that Williams had been negligent in not searching a larger area for the

rear doors, and in advising Underwriters there was probably no danger in leaving the buried piece where it lay. It found that Underwriters had been negligent in accepting Williams' advice and leaving any piece in the river. The court concluded that fifty percent of the negligence which caused the Singleton's accident was attributable to each defendant, and that Underwriters was entitled to recover from James Williams, individually and d/b/a Williams Wrecker Service, half the amount it had paid to the Singletons. Williams appeals from that judgment, arguing that the decision of the lower court was not in compliance with the statute governing contribution claims based on negligence, precluding Underwriters from recovering contribution from Williams.[1]

## II.

Appellant argues that severance of Underwriter's contribution claim from the action by the Singletons against Underwriters was improper under Tex.Rev.Civ.Stat. Ann. art. 2212a. Contribution between joint tortfeasors in Texas is controlled by Tex.Rev.Civ.Stat.Ann. articles 2212 and 2212a. Before 1973, all claims for contribution fell under article 2212. In 1973, before this case arose, article 2212a became effective. It mandates that in tort actions based upon negligence, contributory negligence by a plaintiff will not bar recovery if the plaintiff's negligence was not greater than the defendant's, and that in a case with more than one defendant contribution will be based upon the defendant's degree of negligence.

Article 2212a specifically provides the method of adjusting the amount of liability of a tortfeasor in a case in which a tortfeasor who is not a party to the lawsuit settles with the plaintiff, and also in a case in which one defendant settles with the plaintiff but the other does not. Article 2212a does not provide specific directions, however, for dealing with the situation in

the present case in which one alleged tortfeasor settles with the plaintiff, obtains a release in favor of all alleged tortfeasors, and undertakes to preserve its claim for contribution against the other alleged tortfeasors. Because article 2212a does not in terms address such a situation, Underwriters argues that article 2212 still controls the procedure by which such a contribution claim may be preserved and pursued although article 2212a determines how responsibility for damages are apportioned among the tortfeasors.

■ Article 2212a § 2(h) provides that article 2212a shall prevail over article 2212 to the extent of any conflict. We note that article 2212a does not conflict with the earlier case law establishing the three basic elements of a contribution claim since it simply does not deal with those elements at all. We therefore turn to prior case law under article 2212 for guidance. To establish a right to contribution in the circumstances of this case, under Tex.Rev.Civ. Stat.Ann. art. 2212 a claimant must show (1) that he discharged the liability to plaintiff of the person from whom he seeks contribution, (2) that he was a judgment debtor, and (3) that he paid a disproportionate share of the plaintiffs' damages in light of the joint tortfeasor's liability. *Lubbock Manufacturing Co. v. International Harvester Company*, 584 S.W.2d 908, 911 (Tex. Civ.App.—Dallas 1979, writ. ref'd n.r.e.) (citations omitted). Article 2212a, which now controls tort claims based on negligence, does not alter those three substantive requirements. It does add to them an additional requirement, however, which controls this case. Under section 2(g), "[a]ll claims for contribution between named defendants in the primary suit shall be determined in the primary suit, except that a named defendant may proceed against a person not a party to the primary suit who has not effected a settlement with the claimant."

---

**1.** Williams also urged that there was insufficient evidence to support the findings of fact. It is

unnecessary to consider this contention.

This is a change from the law under article 2212, where contribution suits could be maintained separately against even those defendants named in the suit. Under article 2212, it is established that an agreed judgment qualifies one as a judgment debtor of the original plaintiff.[2] *Callihan Interest, Inc. v. Duffield*, 385 S.W.2d 586 (Tex.Civ.App.—Eastland 1964, writ ref'd.) It is critical, however, that in a contribution action brought separately under article 2212, as was attempted in this case, a judgment in favor of the original plaintiff against a settling party could not be binding in the contribution action by the settling party against the alleged joint tortfeasor, since the alleged joint tortfeasor was not a party to the judgment. *Traveler's Insurance Co. v. United States*, 283 F.Supp. 14, 31 (S.D.Tex.1968). As the court said in *Traveler's Insurance Co. v. United States:* "[I]n a suit for contribution the alleged joint tortfeasor has the opportunity to raise the issue of common liability by claiming that ... the agreed damages or the terms of the settlement were unreasonable. The burden is on the person suing for contribution." *Ibid.* Thus in a separate contribution action, the party from whom contribution is sought would be entitled to the opportunity to question whether the amount agreed upon in settlement was fair and reasonable.

But now the statute, article 2212a § 2(g), has mandated that all claims for contribution based on negligence be determined in the primary suit if the alleged joint tortfeasor is a party to the primary suit. This alters previous procedure, but it meets the goal of avoiding the possibility that one party would settle with the plaintiff for an unreasonable amount, and then seek contribution from a joint tortfeasor based on the unreasonable amount. Even when the district court in this case found the settlement reasonable, it did so without the participation of one of the two alleged tortfeasors. The issue of reasonableness, therefore, was not litigated by all proper parties because of the severance.

When the contribution claim is determined in the same suit finding liability to the plaintiff, the amount of damages determined is litigated as against all defendants, including the party from whom contribution is sought. That party thus has the opportunity to question the amount of damages at that time. Section 2(g) also circumvents the problem of a judgment debtor having to prove twice, once in the settlement approval hearing and once in the contribution suit, that the amount paid in settlement is fair and reasonable. Because the party from whom contribution is sought is a party to the proceeding at which any settlement is approved or judgment rendered, there may be no later claim of "unreasonable damages" and demand for further proof.

By severing the contribution claim and trying it separately from the hearing at which Underwriter's settlement was approved, the district court followed procedure which was acceptable under article 2212, but is not now acceptable under article 2212a. In *Gonzales v. Blake*, 605 S.W.2d 634, 637 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ), the court wrote:

It was the intention of the legislature that the cross-claims between named de-

**2.** Appellant relies on a statement made in *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816 (Tex.1984), as support for the argument that once Underwriters settled with the Singletons, it lost any right to contribution from appellant. In *Bonniwell* the Texas Supreme Court wrote that "[n]either Article 2212 nor Article 2212a provides any right of contribution to a joint tortfeasor who has settled the Plaintiff's claim.... The settlement agreement which released Metro from all liability extinguished Metro's right to contribution." *Id.* at 819. Appellant does not take into account the context in which that statement was made, and thus appellant's reliance on the statement is misplaced. Even though article 2212a does not spell out the exact circumstances in which a party who settles is entitled to contribution, it does not preclude such claims. In *Iowa Manufacturing Co. v. Weisman Equipment Co.*, 667 S.W.2d 209, 213 (Tex.App.—Austin 1983, no writ), the Texas Court of Appeals acknowledged the Texas Supreme Court's statement, but noted that it had no bearing in a case in which the contribution claimant had had its settlement agreement approved by the court and had thus become a judgment creditor, as opposed to a party (such as Metro) "who has merely settled a lawsuit."

fendants shall be determined in "the primary suit". This is not the same as a law establishing venue in the county of the primary suit. The direction is that the claims for contribution be determined in the same suit in which the liability of the various defendants to the plaintiff is determined. Since in this case the claim for contribution on the part of Doss and Rawlings against Gonzales cannot be determined until the liability of Doss and Rawlings to answer in damages to the Blakes has been determined, the primary suit must be considered to be the one in which such a judgment [of liability] can be rendered.

The Supreme Court of Texas endorsed the *Gonzales* court's decision when it concluded that "[t]he purpose of article 2212a, section 2(g), is to avoid separate trials of the plaintiff's claims and contribution claims against several defendants. The purpose of the statute is best served by maintaining the contribution claims in the original suit." *Arthur Brothers v. U.M.C., Inc.*, 647 S.W.2d 244, 246 (Tex.1982).

Although it might be argued that when the contribution action was severed Williams was no longer a "named defendant" to the "primary suit" (the Singletons' action against Underwriters), the Texas courts have held that there should be no distinction between a "named defendant" and a "defendant" for purposes of section 2(g). The Texas Court of Appeals interpreted

> the definitions of the terms "claimant" and "defendant" to mean that a third-party defendant becomes a "named defendant" when the claim for contribution is filed against him by the claimant. To hold otherwise would necessitate recognition of a distinction, however subtle, between the terms "defendants," as defined in the Act, and "named defendant." We are not of the opinion that the Act itself manifests such a distinction.

*UMC, Inc. v. Arthur Brothers*, 626 S.W.2d 819, 822 (Tex.Ct.App.—Corpus Christi 1981, writ ref'd n.r.e.). The Texas Supreme Court expressly approved the holding that "under article 2212a, section 2(g), Arthur Brothers became a 'named defend-

ant in the primary suit' when U.M.C. and Jacobs filed their contribution claim against it." *Arthur Brothers*, 647 S.W.2d at 245. By analogy, Williams became a named defendant when Underwriters filed a claim for contribution against him and made him a third party defendant to the original suit, and the later severance did not affect his status. We therefore must hold that it was error to undertake to try the contribution claim separately.

■ Because appellant was entitled to have the contribution claim against him tried in the same proceeding establishing the amount of damages to be paid, thereby enabling him to challenge the amount of the settlement, and because the Singletons may not be forced to go through the settlement proceedings a second time, we hold that Underwriters lost its opportunity to claim contribution from Williams when it secured the improper severance. Williams had the right to ignore Underwriters' letters reporting the proposed settlement and severance. The actions taken were wholly Underwriters'. We therefore reverse the judgment of the district court in favor of Underwriters for a contribution by Williams of 50% of the original agreed judgment. Under the law Underwriters takes nothing.

REVERSED AND RENDERED.