**Reuben E. BOHNERT, Appellant,**

v.

**Kay BARBOUR, et al., Appellees.**

**No. 04–83–00085–CV.**

Court of Appeals of Texas,
San Antonio.

Oct. 10, 1984.

Sandee D. Bryan, Boerne, for appellant.

Henry W. Sebesta, Jr., Jonathan Yedor, Benson & Yedor, William H. Quirk, San Antonio, David C. Mattka, Haynes and Boone, Dallas, Andrew Wooley, Houston, for appellees.

Before CADENA, C.J., and CANTU and REEVES, JJ.

## OPINION

CANTU, Justice.

This is a plea of privilege appeal. Breig & Associate, Architect, filed suit against Shelton Ranches, Inc. for payment for services rendered and expenses incurred under a contract. This suit was filed in Kerr County, the county of residence of Shelton Ranches, Inc.

Shelton Ranches, Inc. answered and filed a counterclaim against Breig & Associate, Architect, and a third-party action against Ernest Breig, John C. Bratton, Reuben E. Bohnert, and Harry Rittiman d/b/a Kerrville Electric Co., alleging a cause of action sounding primarily in negligence in performance of the services contracted for and praying for damages and restitution.

Third-party defendant, Reuben E. Bohnert, was the original architect on the project. In November of 1979, counter-defendant, Breig & Associate, Architect, and third-party defendants, Ernest Breig and John C. Bratton, replaced Reuben E. Bohnert and assumed architectual responsibility for the project. Reuben E. Bohnert filed a third-party action against Kay Barbour, Mildred English, Inc., Chris Carson, Ford, Powell & Carson, Architects and Planners, Garrett Hancock, Sylvan-Garrett, John Bratton, and Breig & Associate, Architect,

alleging negligence and seeking indemnity should Shelton Ranches, Inc., recover damages from him.

To Bohnert's third-party action, Kay Barbour, Mildred English, Inc., and Chris Carson, Ford, Powell & Carson, Architects and Planners, filed pleas of privilege to be sued in Bexar County, the county of their residence. Reuben E. Bohnert filed controverting pleas alleging exceptions under TEX.REV.CIV.STAT.ANN. art. 1995, §§ 9a and 29a (Vernon 1964),[1] and that TEX.REV.CIV.STAT.ANN. art. 2212a § 2(g) (Vernon Supp.1984),[2] was applicable.

A hearing was conducted and an order entered sustaining the pleas of privilege of Chris Carson, Ford, Powell & Carson, Architects and Planners, and Kay Barbour and Mildred English, Inc., from which this appeal is taken. No findings of fact or conclusions of law were entered.

Reuben E. Bohnert, on appeal, argues that because his claim was one for indemnity and contribution from appellees, article 2212a § 2(g) controls and it was error for the trial court to sustain the pleas of privilege. He argues that it is not necessary to prove the elements of the negligence cause of action in accordance with article 1995 § 9a, that is, by a preponderance of the evidence, before having an indemnity or contribution claim heard in the primary suit.

In *Union Bus Lines v. Byrd,* 142 Tex. 257, 177 S.W.2d 774, 776 (1944), the Supreme Court held that a cross-action against a third-party [3] is distinct and severable from the controversy involved in plaintiff's suit against the main defendant. Consequently, the cross-action was treated as an independent suit, and the venue thereof tested on the merits of the cross-action, and independent of the venue of plaintiff's suit. The rule in *Union Bus Lines* has been changed by the comparative negligence statute in all claims for contribution between "named defendants in the primary suit."

The phrase "named defendants in the primary suit" has caused courts throughout the State considerable problems resulting in conflicting opinions. *See State Department of Highways & Public Transportation v. Hardy,* 607 S.W.2d 611 (Tex. Civ.App.—Tyler 1980, writ dism'd w.o.j.); *Gonzales v. Blake,* 605 S.W.2d 634 (Tex. Civ.App.—Houston [1st Dist.] 1980, no writ); *Blair v. Thomas,* 604 S.W.2d 471 (Tex.Civ.App.—Dallas 1980, no writ); and *Maintenance & Equipment Contractors v. John Deere Co.,* 554 S.W.2d 28 (Tex.Civ. App.—Houston [14th Dist.] 1977, writ dism'd). The issue through the years has been whether the *Union Bus Line* rule should still be followed in cases where a third-party defendant has not been named by the plaintiff as a defendant in the pri-

1. Article 1995
§ 9a. Negligence.—A suit based upon negligence per se, negligence at common law or any form of negligence, active or passive, may be brought in the county where the act or omission of negligence occurred or in the county where the defendant has his domicile. The venue facts necessary for plaintiff to establish by preponderance of the evidence to sustain venue in a county other than the county of defendant's residence are:
   1. That an act or omission of negligence occurred in the county where suit was filed.
   2. That such act or omission was that of the defendant, in person, or that of his servant, agent or representative acting within the scope of his employment.
   3. That such negligence was a proximate cause of plaintiff's injuries.
§ 29a. Two or more defendants.—Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto.

2. Article 2212a. Comparative negligence; contribution among joint tort-feasors.
§ 2(g). All claims for contribution between named defendants in the primary suit shall be determined in the primary suit, except that a named defendant may proceed against a person not a party to the primary suit who has not effected settlement with the claimant.

3. The plaintiff in this case did not sue the third party. Defendant filed a cross-action against the third party for contribution in the event judgment should be rendered against him.

mary action, whether venue as to the third-party defendant must be independently shown or whether his claim for venue can be defeated by virtue of article 2212a § 2(g)'s authority.

The Texas Supreme Court has construed this article in *Arthur Brothers, Inc. v. U.M.C., Inc.*, 647 S.W.2d 244 (Tex.1982), wherein its scope as a special venue statute extended to a third-party defendant who had not been named by the plaintiff. The Court held that when a contribution claim is filed against a party, the party *at that time* becomes a "named defendant in the primary suit." 647 S.W.2d at 245. *See also Lane Wood, Inc. v. Grayco Mobile Homes, Inc.* 668 S.W.2d 892, 893 (Tex.App.—Houston [14th Dist.] 1984, no writ). The appellees attempt to distinguish the instant case based on the fact that a third-party defendant is attempting to interplead them into the action. They argue that the rule in *Arthur Brothers, Inc.* should not extend so far.

■ Article 2212a § 2(a)(1) and (2) defines a "claimant" as any party seeking relief, whether he is a plaintiff, counter-claimant, or cross-claimant. A "defendant" is defined as any party from whom a claimant seeks relief. It is evident that the legislature was not attempting to be restrictive in their classification of claimants and defendants. Based upon the definitions in the statute and the holding in *Arthur Brothers, Inc.*, we hold that the appellees became "named defendants" when the claim for contribution was filed against them by the claimant, Reuben Bohnert (appellant). Because the liability of appellees to appellant in the cross-action hinges upon appellant's liability, if any, to third-party plaintiff, Shelton Ranches, Inc., the "primary suit," for purposes of the cross-action, is that one pending against appellant by Shelton Ranches, Inc. *See Lane Wood, Inc. v. Grayco Mobile Homes, Inc.*, 668 S.W.2d at 893.

■ The clear intent of the comparative negligence act is that one primary lawsuit should determine all the issues of comparative fault, damages and the rights to contribution and indemnity that have not otherwise been resolved through settlement. TEX.REV.CIV.STAT.ANN. art. 2212a § 2(g) (Vernon Supp.1984). Article 2212a is a special mandatory venue provision lodging venue in the county where the court hearing the primary suit is situated. *Goodyear Tire & Rubber Co. v. Edwards*, 512 S.W.2d 748, 753 (Tex.Civ.App.—Tyler 1974, no writ). Having determined that appellees were "named defendants in the primary suit," venue is determined by the primary suit which is Kerr County.

■ Appellees contend that appellant failed to establish a cause of action for negligence against them. The petitions reflect that appellant made claims for contribution from appellees. This claim alone is sufficient. *See Lane Wood, Inc. v. Grayco Mobile Homes, Inc.*, 668 S.W.2d at 893. To require anything more would put the appellant in the awkward position of having to prove a *prima facie* cause of action *against himself* in order to hold appellees in the county of the primary suit. Appellant should not be required to admit or prove the negligence case against himself if he desires to join a party in the primary suit.

■ Venue of the primary suit is in Kerr County. The suit for contribution against appellees fell within the special venue statute, article 2212a. For the foregoing reasons, we find that the trial judge committed error in his rulings on the pleas of privilege.

The judgment of the trial court is reversed and the suits are ordered transferred back to Kerr County, the county hearing the primary suit.

CADENA, C.J., concurs in result without opinion.*

---

* (While I agree with the decision, I see no need to discuss the applicability of Subdivision 9a of

Article 1995).